May Term, 1829.

VATTIER v. ROBERTS.

*Whitcomb*, for the state.

*Caswell*, for the defendant.

(1) Acc. R. C. 1831, p. 195, sec. 77.

(2) Acc. R. C. 1831, p. 195, sec. 83, 84.

(3) Ante, p. 5.

---

### VATTIER, Assignee, *v.* ROBERTS.

The members of an unincorporated company assumed the name of "The *Aurora* Association for Internal Improvement;" and in that name, by their agent, executed a title-bond for a lot in the town of *Aurora*. *Held*, that the bond was not obligatory on the members of the company, and was consequently not a valid consideration for a note given for the price of the lot.

ERROR to the *Dearborn* Circuit Court.

*Thursday, May 21.*

BLACKFORD, J.—Assumpsit on four promissory notes, payable at a future period to *Norris*, agent to the *Aurora* association for internal improvement, for the use of said association; which notes were assigned by *Norris* to *Vattier*. Pleas, 1st, non-assumpsit; 2dly, actio non, because the notes were given in consideration of a supposed legal liability, on the part of the individuals forming the *Aurora* association, to make the defendant a warranty deed for a lot in *Aurora;* and the individuals forming the said association were not legally bound to make the deed as aforesaid. There are no replications to the pleas. After the notes had been proved, the defendant gave in evidence the following writing: "This shall oblige the *Aurora* association for internal improvement, by themselves or their trustees, to make or cause to be made unto *Aaron Roberts*, or unto his heirs, &c., a deed of conveyance in fee simple with general warranty, for lot numbered 104 in the town of *Aurora*, provided 51 dollars of the purchase-money therefor are paid in eight months, and the balance in five years from this date, otherwise this obligation to be void and of no effect. The deed to be made as soon as the purchase-money therefor is paid, under the penalty of 1,000 dollars. Witness my hand and seal, *April* 30th, 1819.

By order of the *Aurora* association for internal improvement. (Signed) *Richard Norris*, agent."

The defendant proved by *Norris*, that this was the only writing given by him, or said association, to the defendant as evidence of the purchase of the lot. The witness, on being questioned by the defendant, said that his appointment as agent was in writing; but that he could not recollect whether the appointment was signed by all the individuals of the association, or only by the president and clerk of the meeting. There was no other testimony of his appointment. The plaintiff called upon the Court to charge the jury, that it rested upon the defendant to show that *Norris* was not authorised by the association, or by the individuals composing it, to execute the said writing and bind them by the same. Whereupon the Court charged the jury, that no authority whatever, given by the said association, by the name of the *Aurora* association for internal improvement, to the said *Norris*, could authorise or enable him to bind the association, as, by their said name of the *Aurora* association for internal improvement, in and by said writing he has attempted to do; or would make the said writing obligatory upon the association. The jury gave a verdict for the defendant; and there was judgment accordingly.

The plaintiff contends, that the Court below committed an error in refusing the instructions asked for, and in giving those which were given.

We can discover no error in these proceedings. The circumstance of the *Aurora* association's being bound to execute a warranty deed to the purchaser, *Roberts*, for the lot, was the consideration of the notes upon which this action was founded. The instrument of writing given by *Norris*, did not bind the association, no matter what his authority may have been. The company was not a corporation, and the members could not bind themselves by the special denomination of "The *Aurora* association," to execute a conveyance: *a fortiori*, an agent could not so bind them. The obligation, to have been valid against the association, should have been executed by all the individual members, either personally or by their agent. This was not done, and the notes consequently stand without any valid consideration to support them.

HOLMAN, J. was absent.

*Per Curiam.*—The judgment is affirmed with costs.   To be certified, &c.

> *Dunn,* for the plaintiff.
> *Caswell,* for the defendant.

