# UNITED STATES *v.* ADAMS EXPRESS COMPANY.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 652.   Argued April 7, 1913.—Decided June 9, 1913.

The decision of the court below, granting a motion to quash the service on the ground that the statute on which the indictment is based does not include the defendant, is equivalent to a decision sustaining a demurrer to the indictment and is based upon the construction of the statute, and this court has jurisdiction under the Criminal Appeals Act of March 2, 1907.

Under § 10 of the Act to Regulate Commerce, as amended by the act of June 29, 1906, c. 3591, 34 Stat. 584, express companies are included in the term common carrier and made amenable to the act. Congress at that time had knowledge of the fact that some of the great express companies were organized as joint stock associations and the amendment was intended to bring such associations under the act.

A joint stock association is amenable to the provisions of the Act to Regulate Commerce and is subject to indictment for violations thereof.

Congress has power to charge the assets of joint stock associations with liability and to personify them so far as to collect fines by proceeding against them in the respective names of the associations.

THE facts, which involve the question of whether a joint stock association is amenable to the anti-discrimination provisions of the Act to Regulate Commerce, are stated in the opinion.

*Mr. Assistant Attorney General Denison,* with whom *Mr. Loring C. Christie* was on the brief, for the United States:

The words of the Interstate Commerce Act explicitly make "express companies" guilty of misdemeanor if they violate its provisions, and these words were intended to mean what they say and to cover all express companies,

There is no reason for limiting their scope to corporate, as distinguished from joint stock, "companies."

The duties imposed by the statute are imposed upon the express companies as companies and not on their members as individuals. *American Express Co.* v. *United States*, 212 U. S. 522; *Queen* v. *Commercial Co.* (1891), 2 Q. B. 588, 592 *et seq.*

All the real reasons which could have influenced Congress to apply the penal provisions of the act to corporate companies as entities equally exist in reference to joint stock companies as entities.

Prior to the passage of the Hepburn Act of June 29, 1906, which made the Interstate Commerce Act applicable to "express companies" the Elkins Law had provided that corporations should be subject to indictment as entities and the Hepburn Act, by using the words "express companies" rather than "express corporations" clearly indicated the intention of Congress to extend that principle to joint stock corporations engaged in the express business.

In §§ 3, 6, 9 and 10 of the Act to Regulate Commerce, the distinction is drawn between "corporations" and "companies" and it is therefore apparent that Congress was aware of the difference and did not intend by the words "express companies" to mean merely "express corporations."

The joint stock association express companies including the defendant have been repeatedly before this court even under indictment and the point has never heretofore been made that they were not subject to indictment. *Adams Express Co.* v. *Iowa,* 196 U. S. 147; *Express Companies* v. *Kentucky,* 206 U. S. 129, 138; *Adams Express Co.* v. *Kentucky,* 214 U. S. 218; *American Express Co.* v. *Iowa,* 196 U. S. 133; *United States* v. *Adams Express Co.,* 119 Fed. Rep. 240.

Several of the States treat these joint stock express

companies as entities precisely like foreign corporations. *Adams Express Co.* v. *State,* 161 Indiana, 328, 705, 706; *State* v. *Adams Express Co.,* 66 Minnesota, 271; *Adams Express Co.* v. *Schofield,* 111 Kentucky, 832; *Adams Express Co.* v. *State,* 55 Oh. St. 69; *Commonwealth* v. *Adams Express Co.,* 123 Kentucky, 720; *American Express Co.* v. *People,* 133 Illinois, 649; *United States Ex. Co.* v. *State,* 164 Indiana, 196; *State Commission* v. *Adams Ex. Co.,* 19 L. R. A. 93; *Southern Express Co.* v. *Commonwealth,* 92 Virginia, 59 (affirmed, 168 U. S. 705). See also *American Express Co.* v. *United States,* 212 U. S. 522; *Adams Express Co.* v. *Ohio,* 165 U. S. 194, 166 U. S. 185.

In general, joint stock associations have liabilities which partnerships have not, as, for instance, the liability for contempt of court (*J. & P. Coats, Ltd.,* v. *Chadwick* (1894), 1 Chancery, 347); and for torts, including fraud and libel, 1 Lindley on the Law of Companies, 6th ed., pp. 267–268; *Van Aerman* v. *Bleistein,* 152 N. Y. 355; *Whitney* v. *Backus,* 149 Pa. St. 29. As to penal actions, see *Pharmaceutical Society* v. *London & Provincial Supply Association, Ltd.,* 5 Appeal Cases, 857; *Queen* v. *Tyler & International Commercial Co., Ltd.* (1891), 2 Q. B. 588; *Pearks &c.* v. *Ward* (1902), 2 K. B. 1; *Lawler* v. *Egan, Ltd.* (1901), 2 Ir. 589. .

It is not material whether the New York law distinctly treats joint stock companies as entities, for the Interstate Commerce Act does so and that is sufficient. *Liverpool Ins. Co.* v. *Massachusetts,* 10 Wall. 566, 574.

But even in New York these companies are entities. *National Bank* v. *Van Derwerker,* 74 N. Y. 234; *Westcott* v. *Fargo,* 61 N. Y. 542; *In re Jones,* 172 N. Y. 575; *Hibbs* v. *Brown,* 190 N. Y. 167; *People* v. *Coleman,* 133 N. Y. 279; *People ex rel. Platt* v. *Wemple,* 117 N. Y. 236; *Van Aerman* v. *Bleistein,* 102 N. Y. 355; *Waterbury* v. *Merchants' Union Ex. Co.,* 55 Barb. (N. Y.) 158; New York Constitution, art. VIII, sec. 3.

The Federal cases which held that they are not "citizens," as entities, under the diversity clause are distinguishable because they rest upon the individual liability of the members and not upon any lack of the quality of entities. *Chapman* v. *Barney*, 129 U. S. 677; *Great Southern Fire Proof Hotel Co.* v. *Jones*, 177 U. S. 449; *Thomas* v. *Board of Trustees*, 195 U. S. 207; *Liverpool Ins. Co.* v. *Massachusetts*, *supra*, p. 575.

The act as so construed is constitutional. *N. Y. C. & H. R. R. Co.* v. *United States*, 212 U. S. 481.

*Mr. Joseph S. Graydon*, with whom *Mr. Lawrence Maxwell* was on the brief, for defendant in error:

The court has no jurisdiction to review the decision and judgment of the court below.

The act of March 2, 1907, confers no jurisdiction on this court to review a criminal case generally on writ of error by the Government, but only in so far as it involves the invalidity or construction of the statute upon which the indictment is based. *United States* v. *Patten*, 226 U. S. 525; *United States* v. *Stevenson*, 215 U. S. 190, 195.

Statutes of the several States allowing appeals by the State in criminal cases are construed strictly so as to confine such appeals to the precise matters covered by the statute. *State* v. *Adams*, 193 Missouri, 196; *People* v. *Higgins*, 114 California, 63; *People* v. *Richter*, 113 California, 473; *State* v. *Evansville Ry. Co.*, 107 Indiana, 581; *People* v. *Snyder*, 44 Hun, 193; *State* v. *Moore*, 84 N. Car. 724; *State* v. *Simmons*, 49 Oh. St. 305; *Mick* v. *State*, 72 Oh. St. 388; *State* v. *Kemp*, 5 Washington, 212; *State* v. *Finstad*, 16 S. Dak. 422; *People* v. *Dundon*, 98 N. Y. S. 1048; *S. C.*, 113 App. Div. 369.

The present case does not fall within the statute. The defendant entered no appearance and filed no pleading in the court below. The cause was dismissed, but the

decision or judgment dismissing it was not a decision or judgment quashing, setting aside or sustaining a demurrer to the indictment. The court treated the motion to set aside and quash the return of the summons as a demurrer to the indictment, but this was not at the request or with the consent of defendant. The court had no authority to treat the motion of Barrett to set aside service as a demurrer of the Adams Express Company, and by so doing confer jurisdiction on this court not provided for in the Criminal Appeals Act.

The Adams Express Company is not a corporation but a joint stock association or co-partnership. *Chapman* v. *Barney,* 129 U. S. 677; *Great Southern Hotel Co.* v. *Jones,* 177 U. S. 449; *Platt* v. *Colvin,* 50 Oh. St. 703; *Boston & Albany R. R.* v. *Pearson,* 128 Massachusetts, 445; *Gregg* v. *Sanford,* 65 Fed. Rep. 151; Lindley on Companies, 5th ed. (1891).

Members of a joint stock association may be sued or indicted, but not in the company name, unless a statute so provides. *Taylor* v. *Weir,* 171 Fed. Rep. 636; 23 Cyc. 469, 477; *Van Aerman* v. *Bleistein,* 102 N. Y. 355; *Moore* v. *Brink,* 4 Hun, 402; *St. Paul Typothetae* v. *St. Paul Bookbinders,* 94 Minnesota, 352; *Romona Oolitic Stone Co.* v. *Bolger,* 179 Fed. Rep. 979; *Pearson* v. *Anderberg,* 28 Utah, 495; *Standard Oil Co.* v. *Commonwealth,* 122 Kentucky, 440; *Peterson & Fitch* v. *State,* 32 Texas, 477.

In the absence of an enabling statutory provision, a joint stock association cannot sue or be sued or prosecuted by indictment or otherwise in its associate name.

There is no statute of the United States which authorizes the institution of an action by or against a joint stock company in its associate name, or authorizes the prosecution of such a company by indictment in its associate name.

The rules of pleading and practice in criminal cases in the United States courts, except as modified by statute,

are the rules of the common law as of the year 1789. *United States* v. *Reid*, 12 How. 361; *United States* v. *Maxwell*, 3 Dill. 275; *United States* v. *Nye*, 4 Fed. Rep. 888; *Erwin* v. *United States*, 37 Fed. Rep. 470, 488; *Withaup* v. *United States*, 127 Fed. Rep. 530.

The definition of an indictable juridical person under the laws of the United States cannot be prescribed and governed by state law, common or statutory, and vary with the laws of the several States. *Logan* v. *United States*, 144 U. S. 263, 283.

The Government cites civil and criminal cases in this and other courts to which such companies have been parties in their associate name, but in no case was the Federal question of proper indictment raised. *Adams Exp. Co.* v. *Iowa*, 196 U. S. 147; *Express Companies* v. *Kentucky*, 206 U. S. 129, 138, 139; *Adams Exp. Co.* v. *Schofield*, 111 Kentucky, 832; *Commonwealth* v. *Adams Exp. Co.*, 123 Kentucky, 720; *Adams Exp. Co.* v. *State*, 55 Oh. St. 69; *Am. Exp. Co.* v. *People*, 133 Illinois, 649. The actual title of *Adams Express Company* v. *Ohio State Auditor*, 165 U. S. 185, 194, was *Henry Sanford, President of the Adams Express Company*, v. *Auditor* &c. *Adams Express Co.* v. *Indiana*, 161 Indiana, 328, was maintained by the State under the provisions of a special statute. In *Southern Express Co.* v. *Commonwealth*, 92 Virginia, 59, the plaintiff is a corporation under the laws of Virginia.

If jurisdiction has heretofore been taken *sub silentio*, this court does not consider itself bound. *Louisville Trust Co.* v. *Knott*, 191 U. S. 225; *United States* v. *More*, 3 Cranch, 159, 172; *United States* v. *Sanges*, 144 U. S. 310; *Pollock* v. *Farmers' L. & T. Co.*, 157 U. S. 429, 574.

Neither the Elkins Act of February 19, 1903, nor the Hepburn Amendment of June 29, 1906, makes the members of a joint stock association express company indictable in the company name. *United States* v. *Michigan Cent. R. R.*, 43 Fed. Rep. 26, 28; *Re Peasley*, 44 Fed. Rep.

271, 275; *N. Y. Cent. R. R.* v. *United States*, 212 U. S. 481, 495.

Section 1 of the Elkins Law has no application to a common carrier that is not a corporation.

The several amendments extended the application of the act to various kinds of common carriage other than those originally included, but did not extend or change the application of the act as affected by the personnel or particular form of organization adopted by the persons engaged in the several kinds of common carriage covered by the act from time to time.

If there be any fair doubt of the application of a criminal statute it must be resolved in favor of the accused; *United States* v. *Clayton*, 2 Dill. 219; *United States* v. *Wiltberger*, 5 Wheat. 76, 95; *Smith* v. *Townsend*, 148 U. S. 490, 497; *France* v. *United States*, 164 U. S. 676; *United States* v. *Biggs*, 157 Fed. Rep. 264; *Commonwealth* v. *Adams Express Co.*, 123 Kentucky, 720.

It is not denied that interstate express carriers, whether corporations, individuals or co-partnerships, are subject to the regulations imposed by the Interstate Commerce Act and to the jurisdiction of the Commission, but when they are charged in the courts with criminal offenses, the proceedings must be in accordance with fundamental principles of criminal law and procedure.

Mr. Justice Holmes delivered the opinion of the court.

This is an indictment, under the Act to Regulate Commerce, of the Adams Express Company, by that name, alleging it to be 'a joint stock association, organized and existing under and by virtue of the common law of the State of New York.' A summons to the Adams Express Company was issued and returned served on Charles F. Barrett, general agent for said company. Thereupon Barrett moved to quash the service and return

'on the ground that the same are not authorized by law.'
The entry with regard to the action upon this motion is
that the court, "treating said motion as a demurrer to
the indictment, finds that the indictment cannot be
maintained against the Adams Express Company for
the reason that it appears on the face of said indictment
that the said Adams Express Company is not a corpora-
tion, but is a joint stock association . . . and for
this reason the motion to quash service, treated as a de-
murrer to the indictment, is sustained and the defendant
discharged, and the cause dismissed; to all of which the
United States of America, by its counsel, excepts."

It is objected that this court has no jurisdiction of
the present writ of error under the act of March 2, 1907,
c. 2564, 34 Stat. 1246, and that the court below had no
authority to treat the motion of Barrett as equivalent to a
demurrer. Without following the defendant into the
niceties by which it seeks to escape the jurisdiction of
this court after having eluded that of the court below, it
is enough to say that in our opinion, if we are to go behind
the entry, the decision entered was one setting aside the
indictment and was based upon the construction of the
statute upon which the indictment is founded, within
the meaning of the act of March 2, 1907.

We turn to the merits. The indictment alleges that the
Adams Express Company had filed with the Interstate
Commerce Commission its schedules of rates and charges,
specifies what those charges were in certain cases, and
sets forth in different counts instances in which the com-
pany demanded and received sums in excess of its schedule
rates for the parcels carried—in short, disobeyed the act
of February 4, 1887, c. 104, § 6, 24 Stat. 379, 380. By
§ 10 (amended by act of June 18, 1910, c. 309, § 10, 36
Stat. 539, 549), any common carrier subject to the pro-
visions of the act, wilfully doing this is guilty of a mis-
demeanor and liable to a fine.

The objection to applying § 10 to the defendant has been indicated. It is confirmed in argument by the citation of many cases in which such companies are treated as simple partnerships, including those in which this court has declined to extend the legal fiction applied in determining jurisdiction over corporations so as to cover them. *Chapman* v. *Barney,* 129 U. S. 677. *Great Southern Fireproof Hotel Co.* v. *Jones,* 177 U. S. 449, 454, 456. *Thomas* v. *Board of Trustees,* 195 U. S. 207. But the argument is met by the plain words of the statute as it now stands. For by § 1 of the original act of 1887, as amended by the act of June 29, 1906, c. 3591, 34 Stat. 584, "The term 'common carrier' as used in this act shall include express companies and sleeping car companies." And thus the liability of common carriers created by § 10 stands as if it read that express companies violating § 6 should be guilty of a misdemeanor and liable to fine.

It has been notorious for many years that some of the great express companies are organized as joint stock associations, and the reason for the amendment hardly could be seen unless it was intended to bring those associations under the act. As suggested in the argument for the Government, no one, certainly not the defendant, seems to have doubted that the statute now imposes upon them the duty to file schedules of rates. *American Express Co.* v. *United States,* 212 U. S. 522, 531. (The American Express Company is a joint stock association.) But if it imposes upon them the duties under the words common carrier as interpreted, it is reasonable to suppose that the same words are intended to impose upon them the penalty inflicted on common carriers in case those duties are not performed. It is true that a doubt was raised by the wording of § 10 in the original act, whether corporations were indictable under it. This doubt was met by the act of February 19, 1903, c. 708, § 1, 32 Stat. 847. We do not preceive that any inference can be drawn

from this source in favor of a construction of the later amendment other than that we deem the natural one.

The power of Congress hardly is denied. The constitutionality of the statute as against corporations is established, *New York Central & Hudson River R. R. Co. v. United States*, 212 U. S. 481, 492, and no reason is suggested why Congress has not equal power to charge the partnership assets with a liability and to personify the company so far as to collect a fine by a proceeding against it by the company name. That is what we believe that Congress intended to do. It is to be observed that the structure of the company under the laws of New York is such that a judgment against it binds only the joint property, *National Bank* v. *Van Derwerker*, 74 N. Y. 234, and that it has other characteristics of separate being. *Westcott* v. *Fargo*, 61 N. Y. 542. *Matter of Jones*, 172 N. Y. 575. *Hibbs* v. *Brown*, 190 N. Y. 167. Indeed, Article VIII of the constitution of the State, after providing that the term corporations as there used shall be construed to include all joint stock companies, &c., having any of the powers or privileges of corporations not possessed by individuals or partnerships, as these companies do, *Matter of Jones*, 172 N. Y. 575, 579, goes on to declare that all corporations may sue and be sued 'in like cases as natural persons.' We do not refer to the law of New York in order to argue that by itself it would suffice to make applicable the principle of *Liverpool & London Life & Fire Ins. Co.* v. *Oliver*, 10 Wall. 566. We refer to it simply to show the semi-corporate standing that these companies already had locally as well as in the popular mind, and thus that the action of Congress was natural and to be expected, if we take its words to mean all that, by construction they import.

*Judgment reversed.*