POPOVICH ET AL. *v.* YUGOSLAV NATIONAL HOME SOCIETY, INC., ET AL.

[No. 15,979. Filed February 6, 1939.]

*Frank Seidensticker, George Owen,* and *Cale J. Holder,* for appellants.

*James A. Collins, David Lewis,* and *Norman E. Blue,* for appellees.

LAYMON, J.—Appellants, as members of the Serbian Beneficial Society, St. George, 245 S. N. F., brought this action against the appellees to set aside, cancel and annul a certain deed of conveyance executed by John Petrovich as president and Milan Stoshitch as secretary of the Serbian Beneficial Society, St. George, 245 S. N. F., and certain individual members of said society, purporting to convey lot No. 572 in Rainbow Ridge, an addition to the city of Indianapolis to the appellee Yugoslav National Home Society, Inc.

The amended complaint, which was in one paragraph, among other things, alleged:

"That the plaintiffs are members of the Serbian Beneficial Society, St. George, 245 S. N. F., that said society is a voluntary association formed for the mutual aid and benefit of its members. . . .

"That on December 13, 1931, and during the month (prior) thereto said John Petrovich, Milan Stoshitch and Stoilko Yovanovich by fraud and false representations procured and induced certain of the members of the Serbian Beneficial Society, St. George, to sign a deed of and for the above described real estate conveying the same to the defendant Yugoslav National Home Society, Inc., by falsely and fraudulently representing to said members that they were signing a petition or paper to have said property declared exempt for taxation and by similar false representations; that all of the members of said society did not sign said deed, and that a conveyance of said real estate was at no time ever authorized by proper resolution or otherwise by said society.

"That on December 13, 1931, John Petrovich, purporting to act as president and Milan Stoshitch, purporting to act as secretary of the Serbian Beneficial Society, St. George, did sign and execute said deed conveying the above described real estate to Yugoslav National Home Society, Inc.; that they were not authorized by said society to execute said deed and had no power or authority to execute any deed or convey said property and said signing and conveying were fraudulently done with the intent to wrongfully deprive the Serbian Beneficial Society, St. George, 245 S. N. F., (of) its property and that said deed was entirely without any consideration to the society."

The amended complaint further alleged that on December 18, 1931, said deed was recorded in the office of the recorder of Marion County, Indiana; that on December 28, 1931, the defendant Yugoslav National Home Society, Inc. (appellee) executed a mortgage on said real estate to the defendant Stoilko Yovanovich, trustee, to secure the payment of four notes in the aggregate

sum of $4,500; and that said mortgage was duly recorded.

There was filed to this amended complaint an answer in three paragraphs. The first paragraph was in general denial; the second pleaded laches on the part of appellants as a defense to the charge of fraud and misrepresentation in the procurement of the deed; and appellee Stoilko Yovanovich, trustee, by a third paragraph of answer, pleaded estoppel. Appellants replied in general denial to the second and third paragraphs of answer.

The cause was tried by the court, and pursuant to a request therefor, the trial court made a special finding of facts and stated its conclusions of law, upon which the trial court adjudged and decreed: "That the defendant recover of and from the plaintiffs their costs herein taxed at $................" Appellants then filed their motion to modify the judgment, which was overruled and excepted to. In due time appellants filed their separate and several motion for a new trial, which was overruled, and this appeal followed. The errors assigned to this court are: That the court erred in overruling appellants' motion for a new trial; that the court erred in each of its conclusions of law; and that the court erred in overruling appellants' motion to modify the judgment.

Appellees point out that no question is presented by appellants' assigned error that the court erred in each of its conclusions of law, because of appellants' failure to timely except to the conclusions of law as stated by the court.

The record discloses that on April 22, 1936, the court made its finding of facts and stated its conclusions of law thereon; that the judgment of the court appears immediately following the conclusions of law; and that no exceptions were taken to the conclusions of law until

April 30, 1936, when appellants filed their joint and several exceptions in writing to each conclusion of law.

We think there is merit in appellees' contention. From the record it appears that appellants did not except to the conclusions of law at the proper time, and therefore they cannot question them on appeal. *Medical College of Indiana et al.* v. *Commingore* (1895), 140 Ind. 296, 39 N. E. 744.

Furthermore, it affirmatively appears from the record that neither the special finding of facts nor the conclusions of law were signed by the trial judge; nor were they embodied in a bill of exceptions, nor made a part of the record by order of the court. Under such circumstances such a finding can only be regarded as a general finding, and no question can be presented to this court on the conclusions of law stated. *Smith* v. *State ex rel. Hamill* (1895), 140 Ind. 343, 39 N. E. 1060; *Martin* v. *Marks* (1900), 154 Ind. 549, 57 N. E. 249; *Lillard* v. *Mather* (1902), 28 Ind. App. 583, 63 N. E. 479.

The grounds in appellants' motion for a new trial not expressly waived and recognized by statute as proper are that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

The salient facts appearing in the record and not in dispute are: That in the year 1930 the Serbian Beneficial Society, St. George, 245 S. N. F., which for brevity is hereafter referred to as St. George society, purchased a lot in the city of Indianapolis, Indiana; that the purchase price of $625 was paid out of the funds of its treasury; that the deed was made to Serbian Beneficial Society, St. George, of Marion County, Indiana; that in the spring of 1931 the St. George society began the erection of a brick building and that some of the members worked on the building while others donated money;

that funds were solicited both in Indianapolis and throughout the United States to help pay for the building, but upon completion thereof there were unpaid building claims aggregating from $4,500 to $6,000; that the total cost of the building, including the lot, was about $12,000; that on October 15, 1931, there was a regular meeting of the St. George society, at which meeting 21 of its 29 members were present; that a resolution was adopted by a vote of 14 to 6 (14 voting for and 6 against) authorizing a transfer of the real estate in question to appellee Yugoslav National Home Society, Inc., an Indiana corporation; that in December following this meeting a deed was prepared describing the real estate in question, executed by John Petrovich as president and Milan Stoshitch as secretary, and certain individual members of the society, together with their wives; that there were seven members of this society who did not sign the deed; that one member who had signed the deed was permitted to have his name deleted therefrom; that subsequent to the execution and delivery of said deed a mortgage encumbering said real estate was executed by the grantee, Yugoslav National Home Society, Inc., appellee herein, to the appellee Stoilko Yovanovich, as trustee, to secure the payment of notes in the aggregate sum of $4,500; that the proceeds of the loan were used in paying for labor and material used in the erection and construction of the building on said real estate; that this action was commenced on October 23, 1934; that a suit had previously been brought in the Circuit Court of Marion County which was dismissed by the plaintiffs therein before judgment; that the St. George society is an unincorporated society; and that the purposes of such society were:

"To assist their members in case of sickness and accident and to assist families of the deceased members.

"To diffuse knowledge and education among the

Serbian people in America and by proper means to promote brotherly love among them, and love for the Serbian nation, so that the members remain worthy children of the Serbian nation and useful citizens of the United States of America."

In challenging the sufficiency of the evidence and the decision of the trial court, appellants contend that inasmuch as the St. George society was an unincorporated mutual benefit society, having no existence independent of its members, the conveyance to such society was one to the individual members thereof, and their title could only be divested in some manner recognized by law; that if done by resolution it would require the unanimous vote of all the members of the society and a designation of someone to make the conveyance for them; and that if done by the individual members executing the deed of conveyance, all of the members would be required to join in the conveyance.

Unincorporated associations, clubs, and societies, unless recognized by statute, have no legal existence. *Moffat Tunnel League* v. *United States* (1933), 289 U. S. 113, 53 S. Ct. Rep. 543, 77 L. Ed. 1069; *Karges Furniture Co.* v. *Amalgamated Woodworkers' Local Union* (1905), 165 Ind. 421, 75 N. E. 877. Accordingly, in the absence of statutory authorizations, such organizations cannot take or hold property in the associate name, either by way of gift or purchase. 4 Am. Jur., Associations and Clubs, §35, p. 477. In some jurisdictions property ostensibly held by such unincorporated bodies is deemed to belong jointly to the members, while in other jurisdictions the members take such property as tenants in common. Whether the property of an unincorporated society, association, or club is held by its members as tenants in common or as joint tenants is a matter we need not decide. An association cannot, as a legal entity, dispose of property held by its members jointly or as tenants in common.

In the case of *Vattier* v. *Roberts* (1829), 2 Blackf. 255, 256, our Supreme Court said: "The company was not a corporation, and the members could not bind themselves by the special denomination of 'The *Aurora* Association,' to execute a conveyance: *a fortiori*, an agent could not so bind them."

Generally speaking, in the absence of a statute empowering it to do so, an unincorporated association, having no legal existence independent of the members who compose it, is incapable, as an organization, of taking or holding either real or personal property in its associate name, and a conveyance to an unincorporated association passes title to no one. 7 C. J. S., §14, p. 38.

In the absence of a statute defining the rights and liabilities of the members, societies, associations, partnerships, and other bodies, combined under their own rule, for their own private benefit, and without any express sanction of law, are not, in the collective capacity and name, recognized at common law as having any legal existence distinct from their members. *Karges Furniture Co.* v. *Amalgamated Woodworkers' Local Union, supra.*

To avoid the inconveniences resulting from the incapacity of certain voluntary associations to take and hold property as an organization, our Legislature has made provision that any voluntary association for religious, educational, scientific, or benevolent purposes may take by purchase, grant or devise lots or tracts of land not exceeding 160 acres, upon which to erect buildings for religious worship or for such other purposes as will best attain the objects of such organizations, and, for that purpose, may elect not less than three nor more than nine trustees, who shall possess the power and perform the duties therein named. Sec. 25-1501 Burns 1933, §10582 Baldwin's 1934. This section and subsequent sections of 1 R. S. 1852, ch. 101, and amendments there-

to, which are still in full force and effect, not only authorize and provide that such voluntary associations may take by purchase, grant or devise certain real estate, but provide the method by which such voluntary associations may dispose of said real estate. Section 25-1515 Burns 1933 (§10594 Baldwin's 1934) provides:

"Such trustees, to more effectually carry out the objects of their trust, may sell, loan or otherwise dispose of their corporate property; and any conveyance thereof by such trustees, or a majority of them, in behalf of such society, shall vest in the purchaser of the same, all the right, title and interest thereto; but the provisions of this section shall not be construed to affect any gift, bequest or devise to such society, or to trustees for its use, so as to defeat the intentions of the grantor, donor or testator."

We know of no other statute applicable here, empowering or authorizing voluntary associations to receive, hold, and convey real property.

Appellees, to support the validity of the deed of conveyance in question, urge: That in a contention between the members of an incorporated society or organization, all questions as to the property right must be determined by the by-laws of the association, and in the absence of any sufficient provision thereon, by a majority of the members; and that in the instant case more than a majority of the members of the St. George society joined in the resolution to transfer the real estate to the appellee corporation. While it is true that the majority rule ordinarily prevails in societies and organizations for the performance of all necessary governmental acts in any way consonant with their purposes, and with the laws and the settlement of the ordinary disputes and contentions among its members, and is controlling as to internal questions relative to the government of such society, as long as a resolution did not amount to an unlawful diversion of the

assets of the society, a majority of its members could lawfully decide on the transfer of its property.

However, to effectuate a valid transfer of the legal title to the transferee, it would necessitate the execution of a deed of conveyance by a grantor having a legal existence or by a grantor who is recognized by law as having authority to execute a deed of conveyance.

From the facts in the instant case we conclude that neither the St. George society nor the members who signed the deed had any authority in law to make a valid conveyance of the real estate in question.

Appellants sought to have the deed in question set aside upon other grounds: viz., alleged fraud and misrepresentation, and that the deed was void for the reason that it was executed on Sunday. The record discloses that as to these issues there was either a conflict in the evidence or a total lack of proof. Under such circumstances we will not disturb the finding of the trial court on these issues.

Appellees, in their second paragraph of answer, set up laches, and, according to the allegations of the pleading, directed such defense against the charge in the amended complaint that the deed was procured through fraud and misrepresentation. The complaint contained other grounds. Therefore, such pleading, and the defense therein set up, if established by proof, could not apply to the entire cause of action and thereby defeat recovery on any of the other grounds, if established.

Appellee Stoilko Yovanovich, trustee, individually, by way of a third paragraph of answer, alleged that the mortgage dated December 28, 1931, given by the Yugoslav National Home Society, Inc., to him, as trustee, was a valid lien on said real estate; that because of the existence of certain alleged facts, appel-

lants were estopped from asserting any right in said real estate superior to his lien as trustee. The record discloses that there was evidence to warrant the trial court in concluding that appellants ought not now be permitted to question the mortgage or the right of appellee Stoilko Yovanovich, trustee, to a lien thereon. The existence of appellee's lien or right to a lien ought not to preclude appellants from questioning the validity of the deed to Yugoslav National Home Society, Inc. If such question is presented upon a retrial of this cause, then the decree can be so molded as to establish the validity of the lien of appellee, trustee, upon the real estate, even though the deed to the Yugoslav National Home Society, Inc., be set aside, cancelled and annulled.

The judgment of the trial court is reversed, with instructions to sustain appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.