**UNITED STATES of America**

**v.**

**WEST SIDE BAKERY, a partnership, and Pasquale Cassone, an individual, Defendants.**

United States District Court
S. D. New York.
March 8, 1960.

———————

S. Hazard Gillespie, Jr., U. S. Atty., David P. Bicks, Asst. U. S. Atty., New York City, for the United States.

McGovern, Vincent & Connelly, New Rochelle, N. Y., for defendants.

CASHIN, District Judge.

This is a motion by the defendant, West Side Bakery, under Rule 12(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to dismiss the information as to it for failure to charge an offense.

The moving defendant, a partnership, and one of the partners, are charged in a three count information with introducing into interstate commerce adulterated bread, in violation of § 331(a) of Title 21 U.S.C.A. Section 333(a) of the same Title provides for punishment by fine and imprisonment of "Any person who violates any of the provisions of section 331 * * *". Section 321(e) of Title 21 provides that for the purposes of that chapter "The term 'person' includes individual, partnership, corporation, and association". Despite what would appear to be very clear wording, defendant, nevertheless, argues that a partnership was not intended by Congress to be subject to criminal liability.

Whatever doubt there might have been that any entity but a natural person or a corporation should be subject to criminal sanction was laid to rest by the Supreme Court of the United States in United States v. Adams Express Co., 1913, 229 U.S. 381, 33 S.Ct. 878, 57 L. Ed. 1237, wherein a joint stock association was held so liable. That a partnership can also be so liable is established definitively in the recent case of United States v. A & P Trucking Co., 1958, 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165.

Thus, the only question remaining is whether Congress, when enacting the punitive provision of Title 21 quoted above, intended to impose criminal liability on a partnership. While there appear to be no cases passing on this precise point, it would seem clear that Congress did intend to impose criminal liability.

As noted above, the wording of the statute is very clear. Any lingering doubt can be laid to rest by a perusal of United States v. A & P Trucking Co., supra. That case considered the criminal liability of a partnership under § 222(a) of the Motor Carrier Act of 1935 (49 U.S.C.A. § 322(a) and 18 U.S.C. § 835. A unanimous court experienced no difficulty whatsoever in finding that the sec-

tion of the Motor Carrier Act, which provided criminal sanction, applies to partnerships. In fact, in footnote 3 of the opinion, at page 124 of 358 U.S., at page 206 of 79 S.Ct., although Title 21 was not specifically mentioned, it was indicated that partnerships should always be included under a definition of "persons" in regulatory Acts. The only difficulty which the dissenting judges found was in including the term "partnership" within the purview of the term "whoever" as used in Section 835 of Title 18.

Under these circumstances there is no doubt that the information charges an offense in each of the three counts.

The motion is, therefore, denied.

It is so ordered.