LORENE SHUNK v. STATE OF INDIANA.

[No. 2-874A203. Filed April 29, 1975. Rehearing denied June 10, 1975. Transfer denied October 16, 1975.]

*Forrest Bowman, Jr., Martz, Bowman & Kammen,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

HOFFMAN, J.—The only issue presented for review by this appeal is whether the evidence is sufficient to sustain the

conviction of defendant-appellant, Lorene Shunk, of failure to file a statement of expenses in connection with the employment of legislative counsel or agents in violation of IC 1971, 2-4-3-4 (Burns Code Ed.), which provides as follows:

> "Within thirty [30] days after the adjournment of the general assembly of the state of Indiana, every person, firm, corporation or association employing legislative counsel or legislative agents, shall file with the secretary of state a complete and detailed statement, sworn to by the person making the same, or, in the case of a corporation, by its president or treasurer, of all expenses paid or incurred by such person, firm, corporation or association in connection with the employment of legislative counsel or agents, including the salaries of each of such counsel or agents. Persons, firms, corporations or associations shall render such accounts in such form as shall be prescribed by the secretary of state, and such reports shall be open to public inspection."

The penalty for violation of this statute is provided by IC 1971, 2-4-3-9 (Burns Code Ed.), as follows:

> "Whoever violates any of the provisions of this act [2-4-3-1—2-4-3-9] shall be guilty of a felony, and, upon conviction thereof, shall be fined not less than two hundred dollars [$200] nor more than one thousand dollars [$1,000], or imprisoned not less than three [3] months nor more than one [1] year. It shall be the duty of the attorney-general, upon information, to bring prosecutions under this section."

It is undisputed that the Indiana Home Economics Association (Association), an organization registered as a lobbyist for the 98th Session of the Indiana General Assembly and of which Shunk was the president, did not file a statement of expenses. The sole issue discussed here is whether Shunk or the Association was required to file such a statement.

The statute imposes the filing requirement only upon those persons, firms, corporations or associations employing legislative counsel or legislative agents. "Legislative counsel" and "legislative agents" are defined by IC 1971, 2-4-3-1 (Burns Code Ed.), which provides, in pertinent part, as follows:

> "8. Whether the person, firm, corporation or association employed is a legislative counsel or legislative agent, within

the meaning of this act [2-4-3-1—2-4-3-9] as hereinafter defined. 'Legislative counsel' is hereby defined to be any person, firm, corporation or association employed *for a compensation*, given directly or indirectly, to appear before a committee of the general assembly, of either house, for the purpose of making arguments or examining witnesses, or any legal counsel employed regularly or temporarily by any person, firm, corporation or association, who promotes or opposes legislation by the preparation of written briefs or statements submitted to the members of the general assembly, or the committees thereof, or of either house. 'Legislative agent' is hereby defined to be any person, who, *for a compensation*, given directly or indirectly, promotes or opposes legislation by any other means than those set forth in the preceding paragraph, especially by personal interview with members of the general assembly or by personal communications with the members of the general assembly or the governor of the state of Indiana: \*\*\*." (Emphasis supplied.)

The receipt of compensation by a person, firm, corporation or association employed is clearly necessary in order to render the filing statute applicable to the employer.

In this case, the evidence is undisputed that neither Shunk nor any other officer of the Indiana Home Economics Association, nor any other person, firm, corporation or association received any compensation from the Association for any lobbying activities. Therefore, the filing requirement of IC 1971, 2-4-3-4, *supra*, was not applicable to the Association or Shunk as president of the Association; and the failure to file a statement of expenses will not support a conviction pursuant to IC 1971, 2-4-3-9, *supra*.

Therefore, Shunk's conviction of failing to file a statement of expenses in connection with the employment of legislative counsel or agents must be reversed.

Reversed.

Staton, P.J. and Garrard, J., concur.

Note.—Reported at 326 N.E.2d 644.