WESLEY L. DAY *v.* STATE OF INDIANA.

[No. 2-1174A285. Filed February 6, 1976.]

*Frederick J. Graf, Martz, Beattey, Hinds & Wallace,* of Indianapolis, *Joseph R. Woods,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

STATON, P.J.—If an association employs a legislative counsel or agent during a session of the Indiana General Assembly, the association must file an expense statement with the secretary of state within thirty days after the session adjourns.[1] Failure to file within the thirty days after adjournment is a felony.[2] Wesley L. Day, President of the Indiana Society of Professional Land Surveyors, was found guilty by the trial court of failing to file the expense statement for his association.[3] Day contends that the evidence was insufficient. We agree, and we reverse.

Day appointed Nelson Prall to take care of the association's legislative business. Later, January 17, 1974, he filed a statement with the secretary of state which listed Prall as the

---

1. IC 1971, 2-4-3-4 (Burns Code Ed.), provides as follows:

"Within thirty [30] days after the adjournment of the general assembly of the state of Indiana, every person, firm, corporation or association employing legislative counsel or legislative agents, shall file with the secretary of state a complete and detailed statement, sworn to by the person making the same, or, in the case of a corporation, by its president or treasurer, of all expenses paid or incurred by such person, firm, corporation or association in connection with the employment of legislative counsel or agents, including the salaries of each of such counsel or agents. Persons, firms, corporations or associations shall render such accounts in such form as shall be prescribed by the secretary of state, and such reports shall be open to public inspection."

See also IC 1971, 2-4-3-1(8) (Burns Code Ed.).

2. IC 1971, 2-4-3-9 (Burns Code Ed.).

3. The information charging Day was, in pertinent part, as follows: ". . . Wesley L. Day was an officer and member of the Indiana Society of Professional Land Surveyors, an unincorporated association, and on or about the 18th day of March, 1974, at and in the County of Marion in the State of Indiana, did then and there, while registered with the Indiana Secretary of State as an association employing a legislative counsel or legislative agent to promote, advocate, or oppose certain matters before the Second Regular Session of the Ninety-eighth Indiana General Assembly, unlawfully fail to file with the Indiana Secretary of State within thirty (30) days after the February 15, 1974 adjournment of the Second Regular Session of the Ninety-eighth Indiana General Assembly a complete and detailed statement of all expenses paid or incurred by said Wesley L. Day in connection with the employment of legislative counsel or agents. . . ."

Day was fined $200.00 plus costs, pursuant to IC 1971, 2-4-3-9 (Burns Code Ed.), but the fine and costs were suspended "by reason of the mitigating circumstances, as to the position of the defendant Day."

association's lobbyist for the 98th Indiana General Assembly.[4] Thirty days after the adjournment of the 98th Indiana General Assembly, February 15, 1974, no expense statement had been filed for the association.

On March 19, 1974, one day after the expense statement was required to be filed, Day learned from a friend, who reported a newspaper account, that an affidavit had been filed against him. Later, on March 28, 1974, Day filed the required expense statement for the association with the secretary of state.[5]

There is no evidence that Day as a "person" paid Prall any compensation. There is no evidence that Day was even aware of any compensation to Prall prior to March 19, 1974, when a friend told him about the affidavit filed against him. Prall's testimony suggests that the secretary of the association paid Prall three hundred fifty-two dollars ($352.00).[6] If Day as a "person" under the statute, IC 1971, 2-4-3-4 (Burns Code Ed.), did not employ and compensate Prall, Day's violation of the statute must be

---

4. This statement is required by IC 1971, 2-4-3-1 (Burns Code Ed.).

5. Day contacted an attorney who told him that it appeared that anyone could file a statement of expense, so long as the person was willing to vouch for the accuracy of the information. The statement was signed by Day and said that the Indiana Society of Professional Land Surveyors had employed Prall and had paid him $352.00 for his services as a legislative counsel or agent during the 1974 legislative session. See *Shunk* v. *State* (1975), 164 Ind. App. 21, 326 N.E.2d 644 (when no payment is made or expense incurred, there is no duty to file a statement of expenses).

6. Prall's testimony regarding who paid him was as follows:
"Q. Were you a lobbyist for the Indiana Society of Professional Land Surveyors? A. Yes.
"Q. Who hired you? A. I was—really, no definite hiring. I was just appointed to take care of their legislation.
"Q. Who appointed you? A. The president.
"Q. Who was the president? A. Wesley Day.
"Q. Did you receive any compensation or monies from your—as a lobbyist? A. Yes, sir.
"Q. How was that money paid to you? A. Paid by check.
"Q. Who signed the check? [Objection. Sustained.]
"Q. Who gave you the check? A. I'm not positive of that, but I believe it was Mr. Dickerson."
Mr. Dickerson was a member of the Society and, in early 1974, apparently was the Society's secretary.

predicated upon his status as an official or as a member of the association.[7]

In IC 1971, 2-4-3-4 (Burns Code Ed.), the legislature has imposed a duty to file a statement of expenses upon every "person, firm, corporation or association employing legislative counsel or agents." The State urges a statutory construction which would impose the duty of filing a statement of expenses upon all officers and all members of the association with knowledge of payments made or expenses incurred for a legislative agent. This we cannot do. The statute is not ambiguous. The statute clearly imposes the duty on the association as a separate entity—not on the officers or members of the association. In other sections of the Lobbyist Act, the legislature has expressed the intent to impose a duty on officers of associations. *See* IC 1971, 2-4-3-1 (Burns Code Ed.) (duty to register lobbyists is placed on the "association, or any officer or employee of [the] association. . . .") ; *id.* 2-4-3-6 (the treasurer of the unincorporated association must keep a complete and detailed record of funds collected or expended to promote or oppose legislation and must report to the secretary of state).[8] If the legislature had

7. Although an unincorporated association technically does not exist as a legal entity apart from its members, *Popovich* v. *Yugoslav Nat'l Homes Soc'y* (1939), 106 Ind App. 195, 18 N.E.2d 948, the legislature may recognize by statute the separate existence of an association. *See, e.g.,* Indiana Rules of Procedure, Trial Rules 17(E) and 23.2 (actions by or against unincorporated associations) ; IC 1971, 6-2-1-1(a) (Burns Supp. 1975) (association is a person within the Indiana Adjusted Gross Income Tax Act) ; *id.* 29-1-19-1 (Burns Code Ed.) (association is a person within the Veterans Guardianship Act) ; *id.* 34-4-10-13 (association is a person within the Uniform Declaratory Judgment Act).

8. We note that there is no evidence that Day was treasurer of the Society. Thus, his conviction could not have been based on his violation of IC 1971, 2-4-3-6 (Burns Code Ed.). We note also, in response to appellant's argument, that section 2-4-3-6 does not supplement section 2-4-3-4, but imposes a duty upon the treasurer of an unincorporated association separate and distinct from the duty imposed on the association under section 2-4-3-4. Under section 2-4-3-6, the treasurer is required to make an itemized report of cash received and cash expended to aid or promote "the success, amendment or defeat of any legislation." Under section 2-4-3-4, the association is required to report only expenses paid or incurred in connection with the employment of legislative counsel or legislative agents.

intended to impose the duty to file a statement of expenses on officers and members of the association, it would have expressed such intent as it did in other sections of the Lobbyist Act.

Section 2-4-3-4 is a regulatory statute, and criminal penalties are invoked for its violation. Such a statute must be strictly construed. *See, e.g., Meade Elec. Co. v. Hagberg* (1959), 129 Ind. App. 631, 159 N.E. 2d 408.

The legislature has recognized the separate existence of an association for the purpose of imposing a duty upon the association to file a statement of expenses paid or incurred in connection with the employment of legislative counsel or agents.[9] The statute imposed no duty upon Day as an officer and member of the association to file an expense statement.

We reverse.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 341 N.E.2d 209.

---

9. Clearly, the conviction of the association as an entity cannot be used to punish the individual members. The conviction of the entity can result only in a fine levied on the association's assets. *See United States* v. *A & P Trucking Co.* (1958), 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed. 2d 165; *United States* v. *Adams Express Co.* (1913), 229 U.S. 381, 33 S.Ct. 878, 57 L.Ed. 1237.