**STATE of South Dakota, Plaintiff and Respondent,**

v.

**KANDARAS FOR SENATE COMMITTEE, Defendant and Appellant.**

No. 12262.

Supreme Court of South Dakota.

Argued Feb. 13, 1978.

Decided April 12, 1978.

R. Van Johnson, Asst. Atty. Gen., William J. Janklow, Atty. Gen., Pierre, on brief, for plaintiff and respondent.

Homer Kandaras, Rapid City, for defendant and appellant.

DUNN, Chief Justice.

On April 11, 1977, the Kandaras for Senate Committee was convicted by a jury in the Sixth Judicial Circuit of failing to file a preelection statement on the seventh day prior to the November 2, 1976 election and fined $100. The Committee appeals its judgment of conviction. We reverse.

The facts are undisputed. On Saturday, October 23, 1976, ten days prior to the election, the treasurer of the Committee prepared a report as required by SDCL 12–25–13. Wishing to make copies of the report before mailing it to the Secretary of State's office in Pierre, he took the report to his office in Rapid City on Monday morning, October 25th. Prior to 9 a. m. on Monday, the treasurer of the Committee took the report, which had been properly addressed and bore sufficient postage, to a mailbox regularly used by him in his business and mailed it. It was his experience that mail placed in the box before 9:30 a. m. would be delivered in Pierre the next day.

The report was due on Tuesday, October 26, 1976, but it did not arrive in Pierre until Wednesday, October 27th. Due to the fact that Monday was a federal holiday (Veterans Day), no mail pickup was made at the mailbox into which the report was placed on that day, so a one-day delay occurred. The treasurer of the Committee testified that he had not been aware that Monday was a federal holiday, since it was not a state holiday, and that he was likewise unaware that the mail would not be picked up at that box on that day.

The Committee was charged in an information alleging that it "did without legal cause or excuse fail to make and file with the Secretary of State" the form required by SDCL 12–25–13. The only two witnesses were Secretary of State Lorna Herseth for the State and the Committee's treasurer for the defense.

The first issue raised on appeal is whether a voluntary association of individuals can be convicted under the provisions of SDCL 12–25–13 and 12–25–23. In relevant part, SDCL 12–25–13 reads as follows:

"Any candidate * * * or any committee participating in such election shall make and file with the secretary of state on the seventh day prior to any such election a detailed statement * * *."

SDCL 12–25–23 reads:

"Violation of chapter as misdemeanor.—*Any person* who shall violate any provision of this chapter, for which violation no other penalty is provided herein shall, upon conviction thereof, be guilty of a misdemeanor." (emphasis added)

The defendant contends that a voluntary association is not a legal entity nor is it a "person" in the eyes of the law. It is nothing more than a collection of individuals united by a common purpose and, as such, criminal charges can only be brought against the individuals, not the association. None of the individual officers nor the candidate was charged with this crime. Since the association was physically incapable of filing the form, it cannot be found criminally liable for failure to do so. In *Bartron v. Codington County*, 1942, 68 S.D. 309, 2 N.W.2d 337, this court ruled that the word "person," as used in a statute making it a misdemeanor for any person to practice medicine, surgery, or obstetrics without a license, did not include a medical corporation. The defendant argues that the same logic applies here.

The plaintiff responds that the legislature created political committees as legal entities by passing the Campaign Financing Laws. SDCL 2–14–2 defines terms used throughout South Dakota Codified Laws, and SDCL 2–14–2(16) defines "person" to include "natural persons, partnerships, associations, and corporations." Plaintiff argues that the clear wording of the statutes indicates an intent that the political committee be criminally liable for wrongdoing in connection with campaigns.

Authority is limited on the question of whether an unincorporated association can be held criminally liable. In *Associated Industries of Alabama, Inc. v. State,* 1975, 55 Ala.App. 277, 314 So.2d 879, 885, the court states the following general rule from C.J.S.:

> " 'Only individuals or corporations can be indicted and convicted of the commission of crimes, and an unincorporated association of persons denominated as trustees cannot be indicted and convicted of crime, since, if a crime is committed, it must be committed by them as individuals.' "

On the other hand, an Indiana appellate court, in a case similar to this one, concluded that an association could be criminally liable for failure to file forms. The court stated:

> "The legislature has recognized the separate existence of an association for the purpose of imposing a duty upon the association to file a statement of expenses * * *." *Day v. State,* 1976, Ind.App., 341 N.E.2d 209 at 212.

However, if we do get by the hurdle that a voluntary association of individuals can be made a legal entity by the legislature in order to enforce campaign financing laws, the question still remains on how we propose to enforce the judgment against the committee. Under the statute, neither the candidate nor any officer of the committee is held responsible for carrying out the mandates of the statute. Any funds collected by this Committee have long since been disbursed, and the voluntary committee has been disbanded. Thus, under the present wording of the statute, the court is being asked to perform an idle act in prosecuting a nonexistent committee where no individual is held responsible for any violation of the act.* If some officer of the committee or the candidate is to be held criminally responsible under the statute, the legislature should have so stated in no uncertain terms, if for no other reason than to alert officers of a committee of prospective criminal liability when they accept the duties of forming a committee. We do not propose to enlarge this statute by judicial fiat to accommodate this situation where there has been a bona fide attempt to comply with the statute and where there has been a substantial compliance in carrying out the purposes of the statute, that is, to furnish the report to the Secretary of State's office in time prior to election so that publicity can be given to the information.

Thus, we hold that a voluntary association of individuals cannot be convicted under the provisions of SDCL 12–25–13 and 12–25–23. In view of this holding, we do not consider the other assignments of error raised by defendant.

Reversed.

All the Justices concur.

---

* At some stage of the proceedings the Attorney General must have reached this same conclusion, as the offer of proof would indicate that there was no uniform prosecution of committees that were a day late in filing the return because of the intervening federal holiday.