**UNITED STATES of America, Plaintiff,**

v.

**Lawrence A. HEFFNER (1), William W. Dean, Jr. (2), W.W. Dean & Associates (3), RDHK Ventures (4) a California Limited Partnership, Defendant.**

Criminal No. 95–0069.

United States District Court, S.D. California.

Feb. 13, 1996.

Robert DePippo, Trial Attorney, Criminal Division of the Department of Justice,

George Aguilar, Assistant United States Attorney, for plaintiff.

William Gardner, Morgan Lewis & Bokius, Washington, DC, Jane Hahn, Hovey, Kirby, Thornton & Hahn, San Diego, California, for RDHK Ventures.

Michael Pancer, San Diego, California, for Lawrence A. Heffner.

Robert S. Brewer, Jr., Robert J. Lauchlan, Jr., and Knut S. Johnson, McKenna & Cuneo, San Diego, California, for William Dean, Jr. and W.W. Dean & Associates.

## ORDER DENYING RDHK'S MOTION TO DISMISS

RHOADES, District Judge.

This matter is before the Court on RDHK Ventures' motion to dismiss Counts 1 & 3–11 on respondeat superior grounds. All Defendants have joined in RDHK's motion. For the reasons stated below, RDHK's motion is denied.

### I. Background

This case arose out of the purchase, sale, and ultimate failure of a master planned community development project: the Redhawk Ranch ("Redhawk"). In April 1987, Great American Development Corporation ("GADCO"), a development corporation wholly owned by Great American Bank, purchased Redhawk. Defendant Lawrence A. Heffner was the Senior GADCO officer responsible for developing Redhawk. Heffner was the GADCO officer authorized to expend funds on GADCO's behalf in order to develop its various properties and to bind GADCO in any necessary contractual obligations.

In early 1989, William Dean of W.W. Dean & Associates [1] expressed interest in purchasing Redhawk from GADCO. To advance his goal of purchasing Redhawk, Mr. Dean agreed with Weyerhaeuser Realty Investors, Inc. ("Weyerhaeuser"), to create RDHK Ventures, a limited partnership. RDHK Ventures would be the entity through which Mr. Dean could raise the capital necessary to win

the bid for the development of Redhawk. For its part, Weyerhaeuser created WRI RDHK Ventures—a limited partnership—to invest the capital and become the limited partner in RDHK Ventures. At Mr. Dean's direction, Dean & Associates became the general partner of RDHK Ventures.

After Dean & Associates submitted an offer to purchase Redhawk, GADCO instructed Heffner to negotiate the sale of Redhawk to Dean & Associates and eventually to RDHK Ventures. The Government alleges that unknown to Great American Bank officers, Heffner thereafter entered into a "consulting agreement" with Dean & Associates. Pursuant to the consulting agreement, Dean & Associates allegedly paid Heffner $10,000 per month. The Indictment alleges that the consulting agreement was a sham mechanism to secretly pay Heffner in exchange for favorable treatment for Defendants Mr. Dean, Dean & Associates, and RDHK Ventures. On September 28, 1989, the indictment alleges, GADCO completed the sale of Redhawk to RDHK Ventures.

On January 19, 1995, Defendants Lawrence A. Heffner, William W. Dean, Jr., W.W. Dean & Associates, and RDHK Ventures were charged in a 12 count indictment. Each defendant was charged with conspiracy (18 U.S.C. § 371), bank bribery (18 U.S.C. § 215), bank fraud (18 U.S.C. § 1344), mail fraud (18 U.S.C. § 1341), and illegal participation (18 U.S.C. § 1005). The indictment seeks criminal forfeiture of all assets and proceeds obtained by fraud, pursuant to 18 U.S.C. § 982. RDHK filed the instant motion to dismiss the indictment arguing that as a limited partner it cannot be held criminally liable for the criminal acts of its general partner, Dean & Associates.

### II. Criminal Liability For Limited Partnerships

■■■ Although RDHK concedes that a "partnership" can be held vicariously liable for crimes of its partners, it argues that the Government is improperly applying vicarious criminal liability in this case. RDHK con-

---

1. W.W. Dean & Associates is a California corporation whose President, William Dean, is the sole shareholder.

tends that a "limited partnership" should not be held liable for the specific intent crimes of its general partner.[2] Moreover, RDHK asserts that the Government is improperly imposing two levels of vicarious liability; *i.e.,* first it holds the general partner (Dean & Associates) vicariously liable for the acts of its president (William Dean) and then it holds the limited partnership (RDHK Ventures) vicariously liable for the acts of its general partner. This Court disagrees with the purported impropriety.

A business entity may not violate with impunity regulations designed to protect the public solely due to the entity's legal status. In *United States v. A & P Trucking Co.,* 358 U.S. 121, 122, 79 S.Ct. 203, 205, 3 L.Ed.2d 165 (1958), the district court dismissed criminal prosecutions against two partnerships on the ground that a partnership entity cannot be guilty of "knowingly" violating a statute. The Supreme Court reversed and reasoned as follows:

> The business entity cannot be left free to break the law merely because its owners, stockholders in the [*United States of America v.*] *Adams* [*Express Co.,* 229 U.S. 381, 33 S.Ct. 878, 57 L.Ed. 1237 (1913) ] case, partners in the present one, do not personally participate in the infraction. **The treasury of the business may not with impunity obtain the fruits of violations which are committed knowingly by agents of the entity in the scope of their employment.**

*Id.* at 126, 79 S.Ct. at 207. The Court concluded that a partnership can knowingly violate a statute "quite apart from the participation and knowledge of the partners as individuals." *Id.* at 126–27, 79 S.Ct. at 207. The Court relied on 1 U.S.C. § 1 which provides that "[i]n determining the meaning

of any Act of Congress, unless the context indicates otherwise ... the words 'person' or 'whoever' include ... *partnerships....*" 358 U.S. at 123, 79 S.Ct. at 205.

RDHK attempts to distinguish *A & P Trucking* by asserting that RDHK is a limited partnership, as opposed to a general partnership, and the crimes here involve specific intent. RDHK's distinction, however, is not persuasive. In *United States v. Victor Teicher & Co., L.P.,* 726 F.Supp. 1424 (S.D.N.Y.1989), the Government indicted several defendants for conspiracy to commit securities fraud, a specific intent crime.[3] The defendants included Victor Teicher & Co., L.P. (a limited partnership) and Victor Teicher individually. *Id.* at 1426. Teicher argued that it was unfair to prosecute both himself and his limited partnership which, like RDHK,[4] was comprised of one general partner (Victor Teicher) and one limited partner. *Id.* at 1436. The Court relied on *A & P Trucking* and held that there was no basis in the law to support Teicher's argument. *Id.* Teicher and the limited partnership subsequently proceeded to trial and both were convicted on nine counts of securities fraud. *See United States v. Teicher,* 987 F.2d 112, 114 (2d Cir.1993) (affirming convictions on other grounds). In spite of any factual distinction between the present case and *Teicher,* this Court finds that it would be improper for RDHK to profit from the allegedly criminal conduct of its general partner.

This Court finds RDHK's argument—that a limited partnership cannot be liable for the crimes of its general partner—to be without merit. The only way a limited partner can act is through its general partner. In the present case, RDHK engaged in criminal conduct through the conduct of its general partner, which happened to be a corporation.

---

**2.** Generally, in a partnership each partner has the legal ability to assert control over the partnership. *See, e.g.,* Cal.Corp.Code § 15018. By contrast, in a "limited partnership" the general partner controls the business of the limited partnership to the exclusion of the limited partners. *See, e.g.,* Cal.Corp.Code § 15632(a).

**3.** *See, e.g., United States v. Brown,* 578 F.2d 1280, 1284 (9th Cir.) (Conspiracy to commit securities

fraud is a specific intent crime), *cert. denied,* 439 U.S. 928, 99 S.Ct. 315, 58 L.Ed.2d 322 (1978).

**4.** Like the limited partner in *Teicher,* RDHK Ventures is comprised of one general partner (Dean & Associates) and one limited partner (WRI RDHK Ventures). In *Teicher* the general partner of the limited partnership argued the purported unfairness; here, the limited partnership and its limited partner are arguing the purported unfairness.

Although *A & P Trucking* may have involved a general partnership, this Court finds that a limited partnership may not violate the law with impunity solely due to its legal status. Moreover, a business entity cannot create a second, or a third business entity and argue that vicarious liability cannot be imputed through the various layers of entities. Although RDHK states that the Government's double imputation of vicarious liability is unprecedented, RDHK cites no precedent to the contrary. This Court rejects RDHK's argument that the Government is improperly imposing two levels of vicarious liability.[5]

■ Finally, RDHK argues that it cannot be held criminally liable on a respondeat superior theory because RDHK came into existence five days after the provision that the Government contends was obtained by fraud was inserted in the deed of trust. In affirming a conviction for bank fraud, the Ninth Circuit has held that "[i]t is sufficient to prove that there was a fraudulent scheme in which the defendant participated; it is not determinative that a defendant was not on hand at the 'launching' of the scheme it 'came aboard' later." *United States v. Cloud,* 872 F.2d 846, 850 (9th Cir.), *cert. denied,* 493 U.S. 1002, 110 S.Ct. 561, 107 L.Ed.2d 556 (1989).

The present case is controlled by *Cloud.* The Government alleges that RDHK came aboard after the scheme to defraud was launched. Thus, RDHK's motion to dismiss is denied.

IT IS SO ORDERED.

---

**5.** In bringing this motion, RDHK seeks to defend the interests of its limited partner—WRI RDHK Ventures. During oral argument, in response to the Court's hypothetical situation, counsel for RDHK suggested that "his clients" would be entitled to assert an innocent purchaser defense to the Government's efforts to forfeit the Red-hawk Golf Course. The Government responded that the limited partner of RDHK could assert an innocent owner defense in a separate proceeding only after a guilty verdict has been rendered against RDHK. This Court finds that whether RDHK's limited partner is entitled to an innocent owner defense is not ripe for decision.