LeBlanc et al. vs. Lemaire et als.

## No. 13,675.

105  539¹
113  866¹

NELSON LEBLANC ET AL. VS. ALBERT LEMAIRE ET ALS.

### SYLLABUS.

This case presents the question whether church property, part of which is a church site with buildings, another part a burial ground, owned as per deed of record by the "Pleasant Green Baptist Church," an unincorporated religious society, is subject to partition at the instance of a minority of the congregation, among those who, at this time, claim membership in the church.

*Held*—A minority of the congregation, under the case as presented, have no right to break up the church by forcing the sale of its property for purpose of partition on the plea of being owners in indivision. While they may have certain property rights in the church holdings, they are not considered such owners in indivision as give them a standing in court to provoke, against the will of the majority, a partition of that which, by common understanding, intended to remain intact for the purpose of religious worship.

APPEAL from the Seventeenth Judicial District, Parish of Vermilion—*DeBaillon, J.*

*S. P. Watts* and *W. B. White,* for Plaintiffs, Appellants.

*Gus A. Breaux,* for Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. This case presents the question whether church property, to-wit:—three lots of ground in the town of Abbeville, Louisiana, on one of which lots is a church building, on another a small building formerly used for church services, and the third in use as a place of burial for the dead, all of the aggregate value of $2,050, is subject to partition at the instance of a minority, among those who, at this time, claim membership in the church.

The church in question is known as the Pleasant Green Baptist Church of Abbeville. It is an unincorporated religious society, but has maintained its informal organization and its church for many years.

The rolls of the church showed in 1898 a membership of about two hundred persons.

In 1897 or 1898 trouble developed over the pastor. A portion of the

membership desired to retain the then incumbent; another portion opposed him and wanted a change.

The result was great discord and dissension and the formation of rival and hostile factions.

This continued until finally the pastor seems to have been forced out —at least he withdrew, and, with a portion of the membership still adhering to him, is conducting religious services in another place in the neighborhood.

[Meanwhile, the remaining portion of the congregation, constituting, it seems, the large majority, chose another pastor and with him are in possession of the church and other property and claim to be the Pleasant Green Baptist Church of Abbeville.

This majority portion of the congregation is, it seems, holding regularly religious meetings and services in the church and is engaged in other work usual to organizations of the kind.

That portion of the congregation which formed the faction that supported the former pastor instituted the present suit. They are in number, as we count the names in the petition, about fifty—or about one-fourth of the total membership as disclosed by the roll made up in 1898.

They sue the remaining members of the congregation—that portion (the majority) in possession of the church and who recognize the spiritual authority of the new pastor.

They (the plaintiffs) claim to be members of the Pleasant Green Baptist Church, and as such to be common owners, with the other members of that organization, in the church property. As owners in common they demand a partition of the property.

Their prayer is that the three church lots, with the improvements thereon, be sold for cash for the purpose of partition, that the debts of the society be first paid out of the proceeds, and that "the residue be distributed among all the members of the church, share and share alike."

Those members made parties defendant answered, in substance, that the property sought to be made the subject of partition stands on the record as the property of the Pleasant Green Baptist Church, and that plaintiffs have no such interest therein as entitles them to demand its partition.

Their position is that the property belongs to the church organization, that it was acquired and must be maintained for church purposes,

LeBlanc et al. vs. Lemaire et als.

that its partition would work its destruction for such purpose, and that membership in the church was not intended to carry and did not carry with it ownership in fee in any member or minority of members entitling him or them to force its partition as owner or owners in common.

There was judgment in the court *a qua* rejecting the demand of the plaintiffs and they appeal.

*Ruling*—We find that the lots in question were acquired for this church years ago—one of them as early as 1871.

The price paid for same was small, less than one hundred dollars for all the lots, and was settled out of the common church funds, with, perhaps, some assistance from certain members.

We gather from the record that the title was taken, as to one of the lots, directly in the name of the Pleasant Green Baptist Church at the time of its acquisition in 1871. As to the other two lots the title was first taken in the name of Woodson Mitchell, the pastor at the time, who acted for and on behalf of the church in making the purchase. For about fourteen years the title remained in his name, when in 1891 he made formal conveyance of the same to "the Pleasant Green Baptist Church."

The act recites that in this purchase from Mitchell the church is represented by its trustees, eight in number, who are named—"to have and to hold the above described property unto the said Pleasant Green Baptist Church forever, from and after the date hereof."

The Pleasant Green Baptist Church is not an incorporated body. It has no legal existence as a corporation. It is, though, a religious society. It has organization and a church government.

Our law speaks of unauthorized corporations and private societies and refers to them as capable of acquiring and possessing estates and having common interests. C. C. 446.

From this, it would seem that such a society as the one we are dealing with possesses at least a limited legal status.

It was organized for a purpose not only not illegal but commendable. To effectuate this purpose it has the right to use and enjoy the lots of ground in question, to erect and maintain a church thereon. This use of property is essential to its organization and being so it would seem that this church congregation, as such, may lawfully be the beneficiary or holder of the lots.

The acquisition of the lots was by specific devise to a particular soci-

ety for a purpose named and we find this purpose being now executed.

The present membership in control of the church, being a large majority, represent the succession of the original congregation and constitute the Pleasant Green Baptist Church of Abbeville.

A minority of the congregation, under the case as presented, have no right to break up the church by forcing the sale of its property for purpose of partition on the plea of being owners in indivision. While they may, perhaps, have certain property rights in the church holdings, they are not considered such owners in indivision as give them a standing in court to provoke, against the will of the majority, a partition of that which, by common understanding, was intended to remain intact for the purpose of religious worship.

We regard this controversy as presenting merely the case of a small minority of a church congregation seceding from the majority (not on doctrinal grounds or questions of religious faith or worship, but on differences of church government), refusing to acquiesce in the will of the majority, and taking steps to force the sale of the church property —a course likely to lead to the breaking up of the church organization itself.

The rule that the will of the majority must prevail applies as well to religious as to secular societies, so long as the former conform to the faith and to the forms of worship of the church to which they pertain. This is so unless the church government or articles of agreement otherwise provide.

Here, there being nothing to the contrary shown, the minority of the congregation, who are plaintiffs herein, when they became members of the church bound themselves to be governed by the voice of the majority in the matter of church government and the control and administration of the church property.

They cannot now be permitted to gainsay this and to force the sale of the church edifice and other property against the will of the majority.

If this minority of (say) one-fourth of the membership of the Pleasant Green Baptist Church could do this, one member—a minority of one out of the total membership of two hundred—could do it.

This would practically put every unincorporated church or religious society in the State, owning or holding property, at the mercy of any one recalcitrant member.

It appears from the evidence that the minority of this church con-

gregation are not deprived by the majority of any right held in common by all the members.

The seceding members are at liberty to return and occupy their places in the church and enjoy all their rights of membership therein.

This congregation (both factions thereof) should come together and legally incorporate their church, and when this is done the trustees should make formal conveyance of the church property to the corporation.

The church debts, including that due the deposed pastor, should be paid by the society thus legally incorporated, and the congregation should endeavor otherwise and in all things to attain to and live in that state of harmony, good-will and brotherly love inculcated by the precepts of the Divine Master whose disciples they profess to be.

Judgment affirmed.

Rehearing refused.

MONROE, J., dissents.