HAWTHORNE, Justice.
 

 Plaintiff, United Brotherhood of Carpenters & Joiners of America, Local No. 1846, Inc., instituted this suit against Stephens Broadcasting Company, Inc., for specific performance of a contract to purchase certain real property designated in the contract as 836 Carondelet Street in the City of New Orleans, fully described in the petition, which is the same property acquired by an unincorporated association designated as United Brotherhood of Carpenters & Joiners of America, Local No. 1846, at sheriff’s sale in the matter entitled James J. Plauche, E. Lawrence Butler, and Robert R. Rainold v. Knights of Columbus Benevolent Association, as per sheriff’s deed dated May 29, 1941. (
 

 After trial on the merits, the lower court rendered judgment as prayed for, and defendant has appealed.
 

 Defendant-appellant, in refusing to accept title, takes the position that a good, valid, and merchantable title cannot be transferred to it for the reason that the United Brotherhood of Carpenters & Joiners of America, Local No 1846, a labor
 
 *931
 
 union, at the time the contract was made was an unincorporated association; that each and every member thereof acquired an undivided interest in the property by virtue of membership in the association, and that this undivided interest could not and cannot be divested without the written consent of the members, evidenced by an act of sale or other instrument in writing signed by each of such members and reciting a valid consideration.
 

 On May 6, 1914, the United Brotherhood of Carpenters & Joiners of America issued a charter to Carpenters Union No. 1846 of New Orleans, Louisiana, and in this charter the local organization agreed by the acceptance of the charter to conform to the constitution, rules, and regulations of the United Brotherhood.
 

 On May 29, 1941, the property in question was adjudicated to the United Brotherhood of Carpenters & Joiners of America, Local No. 1846, at sheriff’s sale, as set out herein-above. On September 17, 1947, this association accepted the offer of Stephens Broadcasting Company, Inc., to purchase the property so acquired by the association, and this is the contract of which plaintiff herein now seeks specific performance.
 

 Thereafter, on January 20, 1948, this association became incorporated as a non-trading corporation under the provisions of Act No. 254 of 1914, as amended, under the name of United Brotherhood of Carpenters & Joiners of America, Local No. 1846, Inc., and this corporation is the plaintiff in the instant suit. The articles of incorporation, among other things, provided that the corporation was created for the purpose of acquiring the property in question. Subsequently to the incorporation, on April 5, 1948, at a meeting of the membership of the unincorporated association a resolution, reciting that it was unanimously adopted, authorized and empowered certain designated officers of the association to execute for and on behalf of the membership of the association an act transferring to the corporation so formed the property which the Stephens Broadcasting Company, Inc., had contracted to purchase, standing at that time in the name of the association. Pursuant thereto, on April 6 the officers so authorized conveyed the property to the corporation by notarial act. This act recites that these officers were acting under, and by virtue of, and pursuant to, the resolution adopted by the membership of the unincorporated association at its meeting held on April 5, 1948, and a copy of this resolution was attached to the deed.
 

 At the time the association acquired the property, as well as on the date on which the corporation was formed, the association had over 2000 members, each one of whom, according to the testimony, was required to pay dues and all of whom paid initiation fees with the exception of ex-servicemen.
 

 Under the general rule at common law, a voluntary, unincorporated association, such as the association which acquired
 
 *933
 
 the property at sheriff’s sale in the instant case, prior to its incorporation has no legal existence and is unable to hold title to real property. This rule is well stated in Popovich et al. v. Yugoslav Nat. Home Soc., Inc., et al., 106 Ind.App. 195, 18 N.E.2d 948, 951, as follows:
 

 “Unincorporated associations, clubs, and societies, unless recognized by statute, have no legal existence. * * * Accordingly, in the absence of statutory authorizations, such organizations cannot take or hold property in the associate name, either by way of gift or purchase. * * * ”
 

 Dangel and Shriber, Labor Unions, 1941, sec. 226, p. 249, sets out the rule in the following language:
 

 “It is a general rule, that, unless a statute provides otherwise, a grant or devise of realty to an unincorporated labor union conveys no legal title, since as a body a labor union is not a legal entity, and it is not intended that the individual members take title as individuals. * * * ”
 

 To the same effect, see Shenango Pottery Workers Ass’n et al. v. Crawford et al., 1947, 6 Lawrence 91, 59 Pa. Dist. & C. 426; 4 Am.Jur., Associations and Clubs, sec. 35, p. 477; 7 C.J.S., Associations, § 14(a), page 38; Patton on Titles, 1938, sec. 228, p. 749; Note, 46 Mich. L.Rev. 824 (1948).
 

 In some common-law jurisdictions it has been held that, when title to real property is taken in the name of such an organization, title vests jointly in the members of the association. See Popovich et al. v. Yugoslav Nat. Home Soc., Inc., et al., supra; Dangel and Shriber, op. cit. supra; 4 Am.Jur., op. cit. supra; 7 C.J.S., op. cit. supra.
 

 The common-law rule' that such an organization is unable to hold title to real property does not prevail in this state. Article 446 of the Civil Code especially provides that such associations may acquire and possess estates and have common interests. That article reads:
 

 “Corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and can not appear in a court of justice, but in the individual name of all the members who compose it, and not as a political body; although these corporations
 
 may acquire and possess estates, and have common interests as well as other private societies”
 
 (Italics ours.)
 

 In Le Blanc et al. v. Lemaire et al., 105 La. 539, 30 So. 135, 136, a minority group of the members of an unincorporated church association sought to have partitioned real property belonging to the church association. In that case this court in referring to Article 446 of the Code made the statement that “Our law speaks of unauthorized corporations and private societies, and refers to them as capable of acquiring and possessing estates and having common interests.”
 

 In that'case, plaintiffs, a minority group, alleging themselves to be fnembers of the association and as such common owners of the real- estate belonging to the church,
 
 *935
 
 sought a partition by licitation. This court, in rejecting the demands of plaintiffs for a partition, recognized that such an association did possess at least a limited legal status, and that, though those comprising the minority group might perhaps have certain property rights in the church holdings, they were not considered such owners in indivisión as would have a standing in court to provoke against the will of the majority a partition of that which by common understanding was intended to remain intact for the purposes of religious worship; that the rule that the will of the majority must prevail applies as well to religious as to secular societies so long' as the former conform to the faith and the forms of worship of the church to which they pertain, and that this is so
 
 -unless the church government or articles of agreement otherwise provide.
 

 Although an unincorporated association may take title to real estate in its association name, under our jurisprudence it has been recognized that the members thereof by virtue of their membership have a joint or common interest in the property. Ebenezer Baptist Church, Inc., v. Banks, La.App., 140 So. 815; Monroe et al. v. Krause & Managan Lumber Co., Limited, et al., La.App., 24 So.2d 501.
 

 Under our law, was it necessary in the instant case for every member of the unincorporated association to consent in writing to the conveyance of the property to the corporation? In other words, what is the nature of the members’ rights and interests with reference to the particular property?
 

 In Harris ex rel. Carpenters Union No. 2573, of Marshfield, Oregon Lumber & Sawmill Workers et al. v. Backman et al., 160 Or. 520, 86 P.2d 456, 458-459, the Supreme Court of Oregon had this to say with reference to the rights and interests of members of an unincorporated association, which in that case, as here, was a local labor union:
 

 “ * * * Local Union No. 2573, it not having been incorporated, was a voluntary association having no legal entity separate and apart from its own members. Like all other unincorporated voluntary associations by becoming a member-unless the articles or laws of the association provide otherwise a person acquires not a severable right to any of its property or funds but merely a right to the joint use and enjoyment thereof so long as he continues to be a member.
 

 ******
 

 “The charter, constitution and general laws of the Brotherhood, together with the local constitution and laws, constitute a contract which all members of the union who have assented thereto are bound to obey so long as they remain members of the union and, upon ceasing to be members of the union, they forfeit all right to the property and funds of the union and have no more right to control the disposition of such property and funds than if they had never been members thereof. * * * ”
 

 In the recent case of Shenango Pottery Workers Ass’n et al. v. Crawford et al., 6 Lawrence 91, 59 Pa. Dist. & C. 426, 431, de
 
 *937
 
 cided by the Court of Common Pleas of Lawrence County, Pennsylvania, the question before the court pertained to the ownership of certain property belonging to an unincorporated association, and in the course of the opinion the court stated:
 

 “In the case before us the association already has the property. It was contributed by the members. To whom does it belong? Here the absence of bylaws or a constitution is important. The constitution and bylaws of an unincorporated association form a contract among those who became members * * *. Bylaws may provide how a fund may be distributed within the bounds of the original purpose. * * * ”
 

 In 4 Am.Jur., Associations and Clubs, secs. 13 and 15, pp. 462, 464, the rule is given thus:
 

 “The members of an association may prescribe rules of conduct for themselves during their membership * * *. This they usually do by the adoption of a constitution and by-laws, which constitute the contract between the members and the association and govern and limit the rights and liabilities of both members and association. It is generally held that by becoming a member of a voluntary association, one engages to be bound by its rules, subjects himself to its discipline, and assumes, of necessity, such obligations as are incident to membership
 

 ******
 

 “ * * * as the rule is generally stated, each member of an unincorporated association has an interest in its assets so long as he remains a member, which interest is prima facie equal or proportionate, but which is subject, of course, to the right of the trustees, governing committee, or other board of control to dispose of as provided by the constitution and by-laws which form the contract between the member and the association. * * * ” See also 7 C.J.S., Associations, § 27(a), page 69.
 

 Under the above cited authorities, we conclude that the general rule is that an association such as the one with which we are dealing here may, prior to its dissolution, sell or convey property to which it has title in the associate name if such conveyance is made pursuant to the charter, constitution, by-laws, rules, or regulations under which the association is organized and governed and exists; that each member is bound by such charter, constitution, and by-laws upon becoming a member of such association, as they constitute and are the contract between the members and the association itself, and govern and limit the rights and liabilities of both the members and the association; that, although each member does have certain rights and interests in the property belonging to the association, these rights and interests prior to the dissolution of the association are governed by the constitution, charter, and bylaws, if there be a constitution, charter, or by-laws.
 

 As previously pointed out, the record in this case discloses that a resolu
 
 *939
 
 tion, which recites that it was unanimously adopted, was passed at a meeting of the membership of the unincorporated association authorizing and designating certain officers of the association to execute for and on behalf of the membership an act of sale conveying the property to the corporation. The constitution and by-laws of the Brotherhood or local union, if any exist, are not in the record, and we are unable to determine whether the conveyance was made under the authority of, and pursuant to, the terms and provisions thereof. For this reason we have concluded to remand the case to the lower court pursuant to the authority found in Article 906 of the Code of Practice for further proceedings, so that the plaintiff herein may establish, if it can, the existence of a charter, constitution, or by-laws under which the unincorporated association was governed, and establish that the conveyance by the association was made under the authority thereof. Upon such proof, the district court should grant to the plaintiff the relief prayed for; otherwise the suit should be dismissed.
 

 Plaintiff-appellee contends that the conveyance of the property to it by the unincorporated association was valid under the terms of Act No. 107 of 1924, which deals with the conveyance of property acquired by one or more persons acting as trustee, or in any other capacity, for and in the name of any unincorporated association for religious, charitable, or educational purposes upon the incorporation of such an association. We think that this act has no application to the facts of the case here under consideration.
 

 For the reasons assigned, the judgment appealed from is set aside, and the case is remanded to the district court to be proceeded with according to the views herein expressed. Costs of this appeal are to be borne one-half by appellant and one-half by appellee; all other costs to await the final, disposition of the case on the merits.
 

 O’NIELL, C. J., does not take part.