47 So.2d 397 (1950)
ROCK ZION BAPTIST CHURCH v. JOHNSON
v.
JOHNSON et al.
No. 3261.
Court of Appeal of Louisiana, First Circuit.
June 29, 1950.
*398 Weber & Weber, Baton Rouge, for appellant.
Cecil N. Bankston, Baton Rouge, Steve Alford Jr., Baton Rouge, for appellees.
ELLIS, Judge.
The purpose of this suit is to have decreed null and void a sale by the Rock Zion Baptist Church to the defendants, made on the 8th day of January, 1948 and recorded in the parish of East Baton Rouge. The record shows that the petition states the following: "The petition of Rock Zion Baptist Church, an unincorporated association organized for religious purposes, domiciled in East Baton Rouge Parish, Louisiana, herein represented by its Board of Deacons which is authorized by a mandate from its members, which mandate is attached hereto and made a part hereof, and Edward Knight, Will L. Dotson, Percy Young, Johnnie Holmes and Arthur Williams, individually and as members of the said Rock Zion Baptist Church, all residents of East Baton Rouge Parish, Louisiana, respectfully represent."
Annexed to the petition are the so-called mandates which are in the following language: "We, the undersigned, being members of the Rock Zion Baptist Church, an unincorporated religious society, hereby authorize and request the Board of Deacons of said church consisting of Edward Knight, Will L. Dotson, Roosevelt Jackson, Percy Young, Arthur Williams, Abraham Phillips, Allen Windley and Frank Tucker, to bring such action as necessary against Lurendy Johnson and Albertha Scott Gins and any other preson to cancel a pretended sale of property belonging to said church, which has been recorded as Original No. 62 in Bundle 2422 of the Conveyance Records of East Baton Rouge Parish, Louisiana, and to recover possession of Lot Number Twelve (12) Square Number Three (3) Greenville Extension, for the Rock Zion Baptist Church."
On three separate sheets of paper there appears the names of seventy-seven persons.
It is alleged that the Rock Zion Baptist Church is the owner of a certain lot or parcel of ground together with the improvements thereon, located in the Greenville Extension in East Baton Rouge Parish, and that the lot was acquired from William Tait Baynard in the name of the defendants for the use and benefit of the Rock Zion Baptist Church, and that the funds to purchase the lot and to build a church thereon were donated to the church by the public and its members; that the defendants transferred the property to the Rock Zion Baptist Church on March 18, 1946, and that the Act of Sale under attack was dated January 8, 1948 whereby six persons who described themselves as the legally constituted Board of Deacons of Rock Zion Baptist Church purported to sell the property on which a church had been erected back to the defendants for a consideration of $225 cash. It is alleged that the congregation of the church had never at any time authorized the sale of the property to the defendants, and it was executed on behalf of the church by persons who were not authorized by the *399 church and without the knowledge and consent of the members of the church, and, further, that no part of the consideration referred to in the act of sale was paid. It is further alleged in the petition that the defendants have taken actual physical possession of the property.
To this petition was filed an exception of vagueness which was overruled, and answer was filed with a reservation of all rights under "the exception of no right or cause of action filed herein." We find no such exceptions filed until October 6, 1949 when the defendants filed an exception of want of capacity or interest to sue and of no right or cause of action.
The case was tried after the exceptions were referred to the merits and judgment was rendered overruling the exception of want of capacity to sue and no right or cause of action and on the merits in favor of the plaintiff as prayed for. The defendants have appealed from this judgment.
Defendants are reurging their exception of want of capacity and of no right or cause of action, both of which are based upon the same ground, that is, that the petitioners do not have the capacity to sue in the name of the Rock Zion Baptist Church as it is an unincorporated religious association which cannot appear in Court except in the individual names of all the members who compose it. This exception is based upon Article 446, R.C.C., which reads as follows: "Corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and cannot appear in a court of justice, but in the individual name of all the members who compose it, and not as a political body; although these corporations may acquire and possess estates, and have common interests as well as other private societies."
It may be proper at this time to mention that this Article was contained in the Civil Code of 1825 as Article 437 and in the Civil Code of 1808 as Article 21 at page 90. It has no corresponding article in Code Napoleon of France. Thus, it is an innovation in our Civil Law.
It will be noted that the petition herein is filed on behalf of the Rock Zion Baptist Church which is an unincorporated association represented "by its Board of Deacons which is authorized by a mandate from its members" and five persons individually and as members of the church. An examination of the mandate which is attached to and made a part of the petition shows it to be signed by seventy-seven persons who state that they are members of the church and, as such, authorized and requested the Board of Deacons, consisting of eight named persons, to bring the suit. The record discloses that a vast majority, as shown by the church membership roll, of those signing this mandate are members of the Rock Zion Baptist Church. The effect of the mandate is the appointment of the Board of Deacons as agent for these members. In fact, we have no evidence in the record that all of these signers are not the sole members of the unincorporated association, and we necessarily must assume that they are the sole members thereof.
An association such as the one with which we are dealing here may adopt a charter, constitution, by-laws, rules or regulations by which it is organized and governed and exists, and each member is bound by such upon becoming a member of the association. They constitute and are the contract between the members and the association itself, and the association may sell or convey property to which it has title in the associate name if the conveyance is made pursuant to the charter, constitution, by-laws, rules or regulations so adopted. United Brotherhood of Carpenters & Joiners of America, Local No. 1846 v. Stephens Broadcasting Company, 214 La. 928, 39 So. 2d 422.
It would appear equally true that the members of such an association could appoint and designate and authorize and direct its Board of Deacons as the governing body of the church to institute a suit, for the recovery of property belonging to such association. This they have done in the present case by the signed mandate. Therefore, the provisions as contained in Article 446, supra, providing that an unincorporated association does not enjoy the status of a legal entity in Louisiana, consequently, *400 rights belonging to such an association can be enforced judicially only by an action instituted jointly by all of the members thereof as plaintiff, are fully met.
Conceding for the mere sake of argument that our assumption that the list annexed and made part of the petition do not contain all of the members of the said association, and therefore, the suit is not one in which all the members are not made plaintiff, it is certain that the other petitioners named in the petition, that is, Edward Knight, Will L. Dotson, Percy Young, Johnnie Holmes and Arthur Williams, are members of the said Association. These plaintiffs have a right of action to sue under the doctrine of virtual representation which recognizes the right of a few persons to sue on behalf of themselves and all others similarly situated. This doctrine has been approved by our Supreme Court in the case of Executive Committee of French Opera Trades Ball v. Tarrant, 164 La. 83, 113 So. 774, 53 A.L.R. 1233.
There is an additional reason why we believe the exceptions were properly overruled. The basis of the suit is a petitory action. Code of Practice Article 15 declares that an action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action. Code of Practice Article 45 provides that the petitory action may be brought by one who has the ownership only of an undivided part of an estate, or of a real right to which such an estate is subjected, though his ownership may be limited to a certain period, or end by the occurrence of a certain event. It is undisputed that Edward Knight, Will T. Dotson, Percy Young, Johnnie Holmes and Arthur Williams are members of the said association. It is well settled that members of such associations are entitled to their respective interests as co-owners or proprietors in common in real estate owned by such associations. It is provided in the codal article, supra, that unincorporated associations may acquire and possess estates and have common estates as well as other private societies. It therefore naturally follows that these plaintiffs named supra can sue to protect their interest in said property under Code of Practice Articles 15 and 45, supra.
The exceptions were properly overruled.
In their brief, defendants contend that the plaintiffs who are members of the Board of Deacons and who were members of the said Board at the time of the passing of the purported act of purchase by them from the said association are now estopped from pleading the nullity of the said act of sale. We find no plea of estoppel filed in the record and it appears that this is the first time such a plea was argued. Since it was not presented in this court by a special plea, we cannot consider it.
On the merits of the case, the judgment is also correct as it is admitted that there is no consideration for the sale of the church property and the purported sale was made due to dissension in the church, and there is nothing to show any authority in the Board of Deacons to transfer this church property to the defendants. The sale was totally unauthorized and without any consideration.
The rule of law with reference to disposition of real estate belonging to an unincorporated association is that such disposition must be pursuant to a resolution duly adopted by the membership of such association in accordance with its constitution and by-laws, or the conveyance must be signed by each and every member of the association. The defendants have failed to show the authority by which the Board of Deacons acted.
It is, therefore, ordered that the judgment of the District Court be affirmed.