GLADNEY, Judge.
C. S. Lester, defendant and appellant herein, obtained a quitclaim deed from G. R. Pierce, dated July 31, 1951, and duly recorded it in the conveyance records of Natchitoches Parish, Louisiana. Pierce had no title to the property described in the deed but had formerly been a trustee of the Marthaville, Louisiana, Holiness Association. The deed recited a consideration of $1. Lester then placed himself in physical possession of the property and as a result of this act plaintiffs have instituted a petitory action to have themselves recognized as the true and lawful owners of said property, and as such, entitled to possession thereof. The action was instituted by forty-five individuals who declared themselves to be members and successors to an unincorporated association known as the Marthaville, Louisiana, Holiness Association. The association acquired the property in question by purchase from Thomas J. Jackson on August 29, 1895, as recorded in conveyance book No. 112, pages 474-475, of the records of Natchitoches Parish, Louisiana.
Exceptions of no right of action and no cause of action prompted an amendment to the petition in which it is alleged petitioners are the successors to the original members of the Marthaville, La., Holiness Association. After the amendment the same exception was again filed by the defendant, and is based upon Article 446 of the Louisiana Statutes Annotated — Civil Code. This exception was overruled by the trial judge, answer filed, and the case taken up, tried and judgment rendered in favor of pláintiffs. The judgment recognized the appellees as members of the association and “together with any or all other members thereof, to be the true and lawful owners of the property in question.”
The correctness vel non of the judgment from which appealed depends upon the construction placed upon Article 446 of the LSA-Civil Code. The defense attacks the capacity of these plaintiffs to stand in judgment for all members of the order. In addition to relying upon the co-dal article, certain provisions of the Louisiana Statutes Annotated — Revised Statutes, 12:401, 12:403, are cited as requiring of the organization of which plaintiffs are members the filing of a list of its members and officers each year and prohibiting any meeting of said association unless such list is filed. The quoted section of the Revised Statutes is derived from Act No. 2 of 1924, a law enacted primarily to regulate the Ku Klux Klan organization. LSA-R.S. 12:406 provides that nothing in the statute shall apply to any regularly organized churches or National Guard organizations, and we have no hesitancy in concluding that the penal provisions of LSA-R.S. 12:403 have no application in the instant case, for-asmuch as the Marthaville, Louisiana, Holiness Association had for its sole purpose religious activity.
Articles of association, or we could say a charter or constitution, were adopted in July, 1895. Therein the aims and purposes of the body are declared and provision made for the election of seven trustees and certain officers for transacting any business. From the testimony of older members it would appear that the organization exerted at least some activity until 1940, after which time it was dormant until 1953. The tract of land purchased by and for the association was used as a church meeting camp ground and until 1935 regular meetings were held there, at which invited preachers conducted revivals. Assembly buildings and other housing accommodations existed for these meetings. After the defendant took possession of the camp ground in 1951, some members of the religious group attempted to reactivate the order and during February, 1953, two meetings were held at the house of Mrs. Della P. Welch. The latter had served many years as secretary, succeeding her husband, G. L. Berry. Mrs. Welch testified she had been familiar with the organization since 1910 and became secretary in 1934, a posir tion continuously held by her since that *93 time. At the February meetings called at the instance of Mrs. Welch, the recorded minutes show new members were taken in, trustees and officers were elected and authority voted to undertake legal steps to regain possession of the property. Upon the trial Mrs. Welch identified the original articles of the association, and this document was filed in the record, as also were the minutes of a number of meetings held by members of the association. . The record does not admit of doubt that petitioners are members of and have succeeded to the rights of the earlier and original members of the association.
Simply stated, the single issue, presented by the exception is whether or not petitioners have a right to institute this action if any member of the association is not joined as a party plaintiff. Defendant has not presented any proof showing there are. members whose rights are not represented in this suit. He merely argues that certain former members of the order not named as plaintiffs in this suit were never expelled, and never ceased to be members of the association. Mrs. Welch indicated in her testimony she could not account for every member that had been recognized as such during the existence of the organization.
Article 446 of the LSA-Civil Code, upon which defendant pitches his case, provides :
“Corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and can not' appear in a court of justice, but in the individual name of all the members who compose it, and not a political body; although these corporations may acquire and possess estates, and have common interests as well as other private societies.”
Our Supreme Court in Executive Committee of French Opera Trades Ball v. Tarrant, 1927, 164 La. 83, 113 So. 774, 53 A.L.R. 1233, held an informally appointed executive committee designated to hold a charitable ball possessed the capacity to bring a suit for an accounting of the receipts of' the ball and other persons who merely donated their services to the enterprise need not be joined in the suit..
The issue presented here was squarely raised in United Brotherhood of Carpenters & Joiners of America, Local No. 1846, Inc., v. Stephens Broadcasting Company, Inc., 1949, 214 La. 928, 39 So.2d 422, 424. The court there resolved the question: “Under our law, was it necessary in the instant case for every member of the unincorporated association to consent in writing to the conveyance of the property to the corporation?” After its decision the case was remanded for further proceedings “so that the plaintiff herein may establish, if it can, the existence of a charter, constitution, or by-laws under which the unincorporated association was governed, and establish that the conveyance by the association was made under the authority thereof. Upon such proof, the district court should grant to the plaintiff the relief prayed for; otherwise the suit should be dismissed.” Reliance for its ruling was placed upon an exposition of law found in 4 Am.Jur., Associations and Clubs, secs. 13 and 15, pp. 462, 464:
“The members of an association may prescribe rules of conduct for themselves during their membership. * * This they usually do by the adoption of a constitution and by-laws, which constitute the contract between the members arid the association and govern and limit the rights and liabilities of both members and association. It is generally held that by becoming a member of a voluntary association, one engages to be bound by its rules, subjects himself to its discipline, and assumes, of necessity, such obligations as are incident to membership.”
******
«* * * as tjje ruje js generaiiy stated, each member of an unincorporated association .has an interest in its assets so long as he remains a member, which interest is prima facie equal or proportionate, but which is subject, of course, to the right of the trustees, governing committee, or other board of *94 control to dispose of as provided by the constitution and by-laws which form the contract between the member and the association.” See also 7 C.J.S., Associations, § 27(a), page 69.
The effect of the two Supreme Court decisions cited, supra, and the rule as stated in American Jurisprudence is that these plaintiffs have a right of action to sue under the doctrine of virtual representation, which recognizes the right of a few persons to sue on behalf of themselves and all other persons similarly situated. In Rock Zion Baptist Church v. Johnson, La.App., 1950, 47 So.2d 397, 399, defendants therein urged the want of capacity of petitioners to sue in the name of the Rock Zion Baptist Church as it was an unincorporated religious association which could not appear in court except in the individual name of all the members who composed it. After referring to the holding in the United Brotherhood of Carpenters & Joiners of America, Local No. 1846, Inc., supra, the court held that the members of an unincorporated association could appoint and designate and authorize its Board of Deacons as the governing body of the church to institute a suit for the recovery of property belonging to such an association. The opinion then states:
“This they have done in the present case by the signed mandate. Therefore, the provisions as contained in Article 446, supra, providing that an unincorporated association does not enjoy the status of a legal entity in Louisiana, consequently, rights belonging to such an association can be enforced judicially only by an action instituted jointly by all of the members thereof as plaintiff, are fully met.”
The court therein also pointed out an additional reason why the exceptions were not well taken since Code of Practice Article 45 provides a petitory action may be brought by one who has the ownership only of an undivided part of an estate, or of a real right to which such an estate is subjected. In the Rock Zion Baptist Church opinion it was noted that certain of the named petitioners were members of the association and as such entitled to have their respective rights recognized as co-owners or proprietors in common in the real estate owned by the association. Thus, such plaintiffs as individuals may sue to protect an interest in the jointly owned property under Articles 15 and 45 of the Code of Practice.
Herein the record shows: a meeting of practically all, if not all, of the membership of the Marthaville, Louisiana, Holiness Association unanimously authorized petitioners to take legal action; that its charter or constitution, or articles of the association provided for an executive committee and its officers to handle business affairs of the association; that the minutes of the association indicate the appointment of such a committee and officers; and that plaintiffs’ petition includes among the forty-five named plaintiffs, all the members of said executive committee and all officers of the association as designated. There can then be no doubt that petitioners have authority to sue under the doctrine of virtual representation and the action so taken herein by petitioners is effective as to any other members of the association not specifically named plaintiffs in these proceedings.
For the foregoing reasons we hold the judgment from which appealed is correct and should be affirmed. Accordingly, it is ordered, adjudged and decreed that there be judgment in favor of plaintiffs, Mrs. Della B. Welch, Rev. W. P. Prothro, Harvey Birdwell, A. P. Birdwell, Leo Free, Rev. John Sayes, Thomas Jennings, J. A. Wells, Leo D. Jennings, R. D. Stewart, J. L. McCary, Mrs. Minnie Durr, Mrs. Dane Cole, Mrs. T. L. Blackburn, Mrs. James McCary, Mrs. Bertha Lee Burr, Mrs. Eva Bell Stewart, Mrs. Louise Mc-Cary, Edgar McCary, Mrs. John Sayes, Rev. R. L. Durr, Claude Durr, E. R. Jennings, Mrs. Lela Weeks, Mrs. Alma Broadway, W. E. Broadway, Willie Mae Weeks, Lonnie Weeks, Charles Weeks, Mrs. Preston Bird-well, Mrs. Hoyt L. Birdwell, Mrs. H. O. Touchton, Mrs. Marlene Ragsdale, W. F. Jennings, Delores Birdwell, Marvin Free, Viola Jennings, Mrs. Harvey Birdwell, Allie *95 Birdwell, Ola Jennings, Hoyt L. Birdwell, Mrs. Arthur Wells, Mrs. Rachel Walker, and Lou Annie Jennings, and Rev. Otho Jennings, as members of the Marthaville, La., Holiness Association, and against defendant, C. S. Lester, decreeing said plaintiffs in said capacity to be the true and lawful owners of the following described property, to wit:
“A piece of ground described as beginning at a point on the public road near the right of way line of the T. & P. Ry. Co. and south of the southeast corner of the Northwest Quarter of the Northwest Quarter of Section 28, Township 9 North, Range 10 West, (Nwy4 of Nwy4 of Sec. 28-9-10) and running west 200 yards, thence north 242 yards, thence east 200 yards, and thence south 242 yards, to the place of beginning, containing 10 acres, more or less, known as Marthaville Holiness Camp grounds,”
and, as such, entitled to the full and undisturbed possession thereof.
It is further ordered that defendant deliver possession of said property to plaintiffs.
It is further ordered that appellant pay all costs of this appeal.