MARVIN, Judge.
In this dispute between church members, the trial court declared that the church property was owned by the incorporated church and rejected the demands of the plaintiff-members to enjoin the church from demolishing the old church building on the property. Plaintiffs appeal.
Plaintiffs contend that they, who were members of the unincorporated association and who voted against the majority to incorporate the church in 1976, retained an ownership interest in the church property after that property was transferred to the church corporation in 1977-1978. Civil Code Art. 446.[1]
*254 The litigants stipulated the facts and introduced copies of the minutes of the church which authorized the incorporation, the transfer of the church property to the corporation, and the deeds which transferred the property in return for the corporation assuming the mortgage debt of the unincorporated association. Plaintiffs do not show or complain that the unincorporated association was unauthorized to act through a majority of its members or that either the incorporation of the church or the transfer of the property to the corporation was ultra vires or legally defective.
Under these circumstances, an unincorporated association may legally act through a majority of its members to incorporate and to authorize the transfer of its property to the corporation which is created. CC Art. 446; LRS 12:207(C); United Brotherhood v. Stephens Broadcasting Co., 214 La. 928, 39 So.2d 422 (1949); Act 352 of 1980, § 2.
At appellants’ cost, judgment is AFFIRMED.

. Art. 446. A. Corporations unauthorized by law or by an act of the legislature enjoy no public character, although these corporations may acquire and possess estates and have common interests as well as other private societies.
Unless otherwise provided by its constitution, charter, bylaws, rules, or regulations under which it is organized, governed, and exists, any unincorporated nonprofit association may alienate or encumber title to immovable property to any person. For the purposes of this article, immovable property includes, without limitation, mineral rights, predial servitudes, and predial leases, and a transaction to alienate or encumber shall include, without limitation, transactions to mortgage, hypothecate, donate, or transfer title to immovable property. Any such transaction shall be authorized by resolution adopted by a majority of the members of the association who vote on the resolution at a special meeting called and held for that purpose. The resolution may designate a person or persons to act as agent for the purpose of effectuating the transaction. Notice of the special meeting, including the date, time, and place of the meeting and the substance of the contemplated resolution, shall be published, on two separate days at least fifteen days prior to the date of the meeting, in the official journal of the parish in which a majority of the mem *254 bers reside or, if none, in a newspaper of general circulation in the parish. A copy of the resolution and proof of publication as required herein shall be attached to each act effectuating the transaction.
B. The provisions of this article applicable to transfers of immovable property by unincorporated nonprofit associations shall not apply when the transfers are part of an incorporation of the association in which substantially all of the assets of the unincorporated nonprofit association are transferred to the new corporation. In such cases, R.S. 12:207(C) shall govern the transfer.