JAMES L. CANNELLA, Judge.
LThe Defendant, Ronald Jouandot, appeals from a judgment affirming fines assessed against him by the Plaintiff, International Brotherhood of Electrical Workers Local Union No. 130 (the Union), for violating his union contract, and for attorney’s fees awarded by the trial court. We affirm in part, reverse in part, and amend.
In January of 1979, the Defendant, an electrician, joined the local electrical Union and remained an active member for almost 20 years. On August 1,1997, he requested an “Honorable Discharge” from the Union because he was starting his own business of selling and installing firestop products. In his letter to the Union, he noted that he did not intend to perform electrical work. On August 19, 1997, the Union issued him an “Honorary Withdrawal Card,” effective August 14, 1997. |3He stopped paying union dues and stopped receiving Union benefits. He then embarked on his business venture, which lasted for several years.
In January of 2002, the Defendant went to work for Cypress Electrical Contractors, Inc. (Cypress) as a supervisor or project manager. In April of 2002, a Union organizer, Richard Berber (Berber), filed charges against the Defendant, alleging that he violated certain rules of the Union. A trial was conducted by the Union’s Executive Board (the Board) on May 15, 2002 and the Defendant was found guilty of violating 6 rules and fined a total of $7,250, as follows:
1.$750 for violating Article III, Section 3.01 of the Inside Construction Agreement;
2. $1,000 for violating 'Article XVI, Section 12 of the Bylaws of IBEW Local 130;
3. $500 for violating Article XXV, Section 1, Subsection (a) of the IBEW Constitution;
4. $1,500 for violating Article XXV, Section 1, Subsection (e) of the Constitution;
5. $2,500 for violating Article XXV, Section 1, Subsection (f) of the Constitution;
6. $1,000 for violating Article XXV, Section 1, Subsection (g) of the Constitution.
The Defendant requested a rehearing, which was denied, and did not appeal as allowed under Article XXV, Section 12 of the Constitution. To date he has not paid the fines.
On October 2, 2002, the Union filed a petition in First Parish Court for the Parish of Jefferson for breach of contract to recover the fines that were assessed against the Defendant. The Union further requested attorney’s fees, pursuant to the Union contract. The matter was heard on October 15, 2003. The parties submitted the case on documentary evidence only. After receiving post-trial memoranda, the trial judge rendered a judgment on May 11, 2004, awarding the Union the amount of the fines and stating that he would award the Union attorney’s fees subsequently, after receiving evidence to determine the amount. The Defendant Lappealed. On August 19, 2004 the trial judge rendered a judgment awarding attorney’s fees of $6,048.72. The proceedings and judgment on the attorney’s fees are not in our record.
On appeal, the Defendant asserts that the trial judge erred in finding that he was a member of the Union when he worked at Cypress, that the fines are excessive be *1057 cause they are arbitrary and duplicative, and that the attorney’s fees are unreasonable in light of the judgment amount.
UNION MEMBERSHIP
The Union contract, consisting of a Constitution, Bylaws and Letter of Agreement, does not provide for an “Honorable Discharge,” as requested by the Defendant in 1997. The Union interpreted the letter of the Defendant as a request to be placed on inactive status and, in accordance with its contract, issued him an Honorary Withdrawal Card.
Under the Constitution, Article XXIV, Sec. 3, an Honorary Withdrawal entitles a member to stop paying dues and he is no longer entitled to Union benefits. However, the Union member is still obligated to abide by the Union contract. Id. If the member decides to resume electrical work, his membership becomes active and he begins to pay dues and receive benefits. The inactive status allows the worker to resume active status without reapplying for Union membership and paying new member fees.
The letter which the Defendant sent to the Union in 1997 stated that he was not going to perform electrical work in the future. In the disciplinary hearing before the Board in 2002, he admitted that he was on inactive status. Based on this evidence, we find that the trial judge did not err in concluding that the Defendant was an inactive Union member when he went to work for Cypress.
|fiIn regard to the fines, unions are not prohibited from fining their members for offenses committed while they are members, if the member has been accorded due process and the fines are reasonable. 29 USC § 411(a)(5) [1]. In determining the reasonableness of the fines, the law of conventional obligations applies since the members of a union are bound by the constitution and by-laws of the union, which constitutes the contract between them. Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990); United Broth. of Carpenters & Joiners of America, Local No. 1846 v. Stephens Broadcasting Co., 214 La. 928, 39 So.2d 422 (1949); International Broth. of Elec. Workers v. Bunting, 97-1052, p. 5-6 (La.App. 3rd Cir.2/11/98), 707 So.2d 132, 135. See also: NLRB v. The Boeing Co., 412 U.S. 67, 74, 93 S.Ct. 1952, 1956-1957, 36 L.Ed.2d 752 (1973).
STIPULATED DAMAGES
The Union argues that the amounts are stipulated damages, relieving it of proving actual damages. In Lombardo v. Deshotel, 94-1172 (La.11/30/94); 647 So.2d 1086, 1090, the Louisiana Supreme Court discussed the two rights of a creditor under the law of obligations: 1) the right to exact specific performance, if practicable under La.C.C.art.1986; and 2) the right to obtain damages under La.C.C. art.1994. In Lombardo, the Court found:
When the creditor elects to sue the debtor for damages, when specific performance is impracticable, or when the court refuses within its discretion to grant specific performance of an obligation to do, the fixing of the amount of the indemnity accorded as damages is made in two ways: (1) By the court, after the non-performance is established. By the parties themselves, in advance, by a stipulated damages clause inserted in the contract. The sum stipulated in the clause replaces the need for *1058 the damages to be set by the court. Stipulated damages may not be modified by the court unless they are so manifestly unreasonable as to be contrary to ^public policy, or if the obligor has partially performed. C.C. Art.2011.
Id. at 1090, (Citation omitted)
In the Bunting case, the union argued that its fines against the member were stipulated damages, but because the union contract did not contain an amount to be recovered in the event of a member’s violation of the union contract, the Third Circuit rejected the union’s argument. Citing Lombardo, the court reiterated that a stipulated sum is an essential element of a stipulated damage clause. Bunting, 97-1052 at 7, 707 So.2d at 135-136.
The instant case is similar to Bunting. The sums to be recovered for violation of the contract are not set out in the contract. Thus, the damages are not stipulated. Accordingly, the Union must prove the actual damages suffered by it as a result of the Plaintiffs violation of its rules. See: La. C.C. art.1995. If the amount of damages is “insusceptible of precise measurement” the amount to be awarded is left to the discretion of the court. La.C.C. art.1999.

VIOLATIONS AND FINES

■ The allegation that the Defendant violated the Union contract was brought by Berber, a Union organizer. In his letter to the Recording Secretary, he states that “The violation occurred on April 4, 2002 at approximately 1:30 pm at Cypress Electric Service Division ... as follows: Ronald Jouandot was recently hired as the Branch Manager at Cypress Electric Service Division in direct competition with the union. He was offered the opportunity to help organize this contractor but has declined the offer.” Thus, one single incident is the basis for the fines.
|71) INSIDE CONSTRUCTION AGREEMENT — Article III, Section 3.01
Article III, Section 3.01 of the Inside Construction Agreement states “Members of the Union ... shall not contract for any electrical work, rent, loan or lease their license to any persons, firms, corporations, or individuals.”
The hearing transcript indicates that the Defendant worked for Cypress, but there was no evidence that he contracted for any electrical work, rented, loaned or leased his license to any persons, firms, corporations, or individuals. Thus, we find that the Defendant did not violate Article III, Section 3.01 of the Inside Construction Agreement. We consequently reverse this portion of the judgment and vacate the fine imposed.
2) IBEW LOCAL 130 BYLAWS — Article XVI, Section 12
Article XVI, Section 12 of the Bylaws of IBEW Local 130 states that “Members shall not solicit or accept employment in the jurisdiction of this local union without permission of the business manager.”
The Defendant clearly accepted employment in the jurisdiction of the local Union without permission. The Defendant was a Union member for over 20 years before becoming inactive. He should have been aware that he could not become employed in the electrical business without the Union’s permission. Thus, we find that the $1,000 fine is not an unreasonable penalty for this violation and the trial judge did not err in upholding imposition of that amount. We will affirm this portion of the judgment.
3) IBEW CONSTITUTION — Article XXV, Section 1(a), (e), (f), and (g)
The Defendant was fined for violating (a), (e), (f) and (g) of Article XXV, Section *1059 1 of the IBEW Constitution. Section 1 states that “Any member may be penalized for committing any one or more of the following offenses:
lR(a) Violation of any provision of this Constitution, or the rules herein, or the bylaws, working agreements, or rules of a L.U.
(e) Engaging in any act or acts which are contrary to the member’s responsibility toward the I.B.E.W., or any of its L.U.’s, as an institution, or which interfere with the performance by the I.B.E.W. or a L.U. with its legal or contractual obligations.
(f) Working for, or on behalf of, any employer, employer-supported organization, or other union, or the representatives of any of the foregoing, whose position is adverse or detrimental to the I.B.E.W.
(g) Wronging a member of the I.B.E.W. by any act or acts (other than the expression of views or opinions) causing him physical or economic harm.

Violation of Article XXV, Section 1(a):

Section 1(a) is a general statement prohibiting violations of the contract. However, specific acts constituting violations are in other parts. A fine for violating this section, in addition to the specific section violations, is duplicative of the other fines, and is unreasonable.[2] Thus, we reverse this portion of the judgment and vacate the fine.

Violation of Section 1(e) and (f)

The evidence was insufficient to prove that the Defendant violated Sections (e) and (f) by engaging in an act contrary to his responsibility toward the Union. According to Berber, Cypress was a problem company that the Union had been trying to organize for years, without success. However, the Defendant denied that he obstructed, refused to help, or engaged in any act contrary to his Union responsibility. Although Berber insisted at the hearing that the Defendant refused to help him organize the union, Berber’s allegations lacked evidentiary support. See: Bunting, 97-1052 at 9-10, 707 So.2d at 137. Furthermore, his numerous 19volatile outbursts at the hearing cast doubt on his credibility. Thus, we will reverse this portion of the judgment and vacate these fines.

Violation of Section 1(g):

In regard to Section 1(g), we find that there is no evidence that any individual was harmed physically or economicaby by the alleged acts of the Defendant. We will, therefore, reverse this portion of the judgment and vacate the fine imposed for this violation.
ATTORNEY’S FEES
The trial judge awarded the Union attorney’s fees of $6,048.72. As we have reversed all but one of the fines imposed against the Defendant, we will reduce the attorney’s fees from $6,048.72 to $2,000.
DECREE
Accordingly, we hereby affirm the judgment upholding the fine imposed against the Defendant of $1,000 for the Defendant’s violation of IBEW LOCAL 130 BYLAWS—Article XVI, Section 12. We reverse the judgment as to the remainder of the violations and vacate those fines. We furthermore reduce the attorney’s fees from $6,048.72 to $2,000. Each party shab bear his/its court courts.

*1060
AFFIRMED IN PART, REVERSED IN PART, AND AMENDED.

. That statute provides that ''[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.”

. In Bunting, the court found certain fines being duplicative or lacking evidentiary support. Bunting, 97-1052 at 9-10, 707 So.2d at 137.